## HABERSHAM vs. LEHMAN

1 A negotiable note being indorsed in blank (the blank still unfilled), any holder may sue the maker. A full indorsement by a person other than the payee, will not hinder the blank indorsement by the payee from operating as evidence of title in the present holder.

2. Unless denied on oath, an indorsement need not be proved (Code, §3855); and this is true though the name of the indorser purport to have been signed not by himself but by his agent or attorney in fact, and though the action be not against the indorser but against the maker. A plea which seems to admit the indorsement is not a denial of it.

3. The presumption of law that the holder was such *bona fide* and for value, was not rebutted by the evidence, and no defense to the action was established.

Indorsement. Promissory notes. Presumption. Before Judge MERSHON. Glynn Superior Court. May Term, 1879.

Lehman brought complaint against Habersham on a note for $300.00 payable to the order of Eppinger & Russell, dated June 12th, 1878, and due at ninety days. It was indorsed as follows : " Eppinger & Russell, by A. Cyraix, Attorney." " Pay C.H. Dexter, cashier, or order, for collection on account of Atlanta Savings Bank of Georgia. (Signed) Lodovick J. Hill, Cashier." The defendant pleaded the general issue, and specially the following facts : The note sued on was fraudulently procured from defendant in place of a non-negotiable note previously given by him to the payees for certain improvements made on property of his rented by the payees. At the time said payees obtained the first note from defendant, a distress warrant against them in his favor for $400.00 was pending, for the rent of certain wharf property. The said note was given for improvements placed by the payees upon this property, it being agreed that it should remain in the hands of the payees until the termination of the litigation on the distress warrant, so that if they were held liable for the rent they could apply it in part payment of the

judgment which would be obtained. It was contracted that in no event should they transfer the note, and to secure this end it was made non-transferable. The litigation arising on the distress warrant is still pending; but said payees, tired of keeping their contract, came to defendant, and, by fraud, obtained the note sued on in place of the first, and immediately transferred it to the plaintiff.

Defendant further says that the plaintiff is only an agent of the payees, who are thus seeking to avoid their contract under the willing complicity of plaintiff as an innocent and *bona fide* holder.

When the plaintiff offered the note sued on in evidence, objection was taken on the ground that it showed no title out of Eppinger & Russell, unless a power from them to "A. Cyraix, attorney," be shown; and further, that the second indorsement showed the note to be the property of the Atlanta Savings Bank· The objections were overruled, and defendant excepted.

Mr. Goodyear, of counsel for plaintiff, testified to the following facts: In taking the first note defendant remarked that he desired it made with time enough to reach over the approaching May term of the court when the distress warrant would be tried. Witness supposed it to be a negotiable note, and under this impression delivered it to Russell, one of the payees. A few weeks after, he returned it to witness and said he could do nothing with it as it was not negotiable, though given as negotiable paper. Witness told him that he had no doubt it was an oversight of defendant's, and he would undertake to procure a negotiable instrument in its place. Defendant wanted additional time, so witness drew the note sued on at three months and defendant signed it. He had full opportunity to read it. The first note was destroyed. The plaintiff had no knowledge of the conversations or transactions referred to.

The jury found for the plaintiff. The defendant moved for a new trial on the following grounds:

1st. Because the verdict was contrary to law and evidence.

2d. Because the court refused to charge as follows :   " If the jury find, from an inspection of the note, an indorsement of the original payees' names, and al·o the following indorsement : 'Pay to the order of C. H. Dexter, Esq., cashier, for collection on account of Atlanta Savings Bank of Georgia.   (Signed) Lodovick J. Hill, Cashier,' and found no other indorsement on the note,·then the note without further evidence, would be presumed to be the property of the said Atlanta Savings Bank and the plaintiff could not recover from the defendant."

3d. Because the court erred in charging that when a plaintiff in this class of cases, introduces a promissory note in evidence, he is entitled to recover unless the defendant introduces evidence to rebut the *prima facie* case thus made out.

4th. Because the court overruled the objections to the introduction of the note sued on, as stated above.

5th. Because the court charged the jury that the defendant's plea of fraud in the procurement could not avail him unless his evidence showed that the plaintiff was a party to, or was cognizant of, the fact of the fraud ; that fraud in the procurement, as contemplated by law, related only to the original maker and payee, or that notice of the fraud was brought home to him.

The motion was overruled, and defendant excepted.

MABRY & CROVATT, for plaintiff in error, cited 8 *Ga.*, 329 ; 1 *Ib.*, 275 ; 27 *Ib.*, 252 ; 25 *Ib.*, 400, 546 ; 33 *Ib.*, 459.

GOODYEAR & HARRIS, for defendant, cited Code, §§2787, 2789 ; 48 *Ga.*, 156 ; 47 *Ib.*, 622 ; 46 *Ib.*, 487 ; 83 Ill., 215 ; 29 La. Ann., 61 ; 3 Dana, 407 ; 24 Ala., 376 ; 1 Hall, 336 ; 34 Md., 669 ; 60 Barb., 81 ; Bayley on Bills, 4, 79, 32, 131, 333 ; Chit. on Bills, 32, 34 ; 10 Wend., 271 ; 69 N. Y., 370 ; 84 Penn. St., 446.

BLEOKLEY, Justice.

1. There were two grounds of objection to the introduction of the note in evidence, one of them being that the second indorsement showed the instrument to be the property of the Atlanta Savings Bank, whose cashier had indorsed it over to one C. H. Dexter for collection. On the effect of an indorsement by the payee in blank, followed by an indorsement in full by another person, see 1 Daniel on Neg. Ins., §696. Where a promissory note is payable to a named person or order, or to the order of a named person, and is indorsed in blank, it is then, until the blank is filled, payable to the holder, and any holder may receive payment, or sue and collect. The payee's order to pay to any holder is not revoked or canceled by the order of some other person to pay to a particular individual.

2. The other ground of objection was that the indorsement of the payees purported to be executed by an attorney, and no power of attorney or other evidence of authority to indorse was produced. The Code, in section 285 5, declares that "an indorsement or assignment of any bill, bond or note, when the same is sued on by the indorsee, need not be proved unless denied on oath." A plaintiff who derives his title through an indorsement in blank, is an indorsee, for he has the right to fill the blank and takes the place of indorsee in express words, so long as he holds the instrument. In strictness, the blank ought to be filled when, or before, the instrument is tendered in evidence, but the practice is to treat that as done which can be done, and so a blank indorsement is considered, for most purposes of the suit, as an express indorsement to the plaintiff, if the latter has possession of the paper. We think, too, the Code applies, and that proof of the indorsement is dispensed with, as well where the payees seem to have indorsed by agent or attorney as where they purport to have indorsed in person. And if an agent or attorney can indorse for the payees (than which nothing is more certain), to take the

indorsement for granted without proof, is to take the authority of the agent or attorney for granted without proof; for the indorsement could not, when executed by an agent or attorney, be the act of the payees unless it was duly authorized. We are further of opinion, in the light of the known practice under the Code, and under the statute prior to the Code, that the section which we have quoted dispenses with the proof of the indorsement, whether the action be against the indorser, upon the indorsement itself, or against the maker, upon the note. Indeed, this provision is more applicable in the latter than in the former case; because, in the former, the general rule, found in sections 2851, 3454 and 3472, as to pleas of *non est factum*, would be directly applicable, and would be enough to entitle the plaintiff to go on against the indorser without proof of the indorsement, unless it was denied on oath. In the present case, the plea, so far from denying the indorsement, seems to admit it. We think it does admit it, and then goes forward and makes a point upon the motive and purpose of it.

3. The evidence did not rebut the legal presumption that the plaintiff was entitled to the standing of a *bona fide* holder for value ; nor do we see that it made out any defense to the action on the merits. The evidence of fraud in procuring the note originally, amounted to nothing. The plea was wholly unsustained.

Judgment affirmed.