CLARK, executor, *vs.* MINOR.

[Jackson, C. J., did not preside in this case, on account of providential cause.]

Where a note was payable in cotton, and after it was due, the maker delivered some of the cotton to the payee, in a subsequent suit for the balance due, he was only entitled to a deduction of the amount delivered from the amount promised, and was not entitled to a credit for the difference in value of the cotton delivered at the time when it was delivered, and at the time the note fell due. The contract being payable in cotton, although it was past due, the payee had the right to waive the violation of it, and to receive cotton; and having done so, he could sue and recover of the debtor the value of the cotton not delivered at the time and place when it should have been delivered, with interest thereon.

October 2, 1884.

Debtor and Creditor.    Promissory Notes.    Payment. Contracts.    Before Judge FORT.    Macon Superior Court. May Term, 1884.

W. W. Clark brought suit against William Minor for $7,000.00, alleging that he sold a plantation to defendant, and took a note payable in cotton for the purchase money; that defendant failed to pay, and that at the time payment

was due, cotton of the grade contracted for was worth eleven cents per pound. The note sued on was as follows :

"I hereby promise to deliver to William W. Clark, or his order, sixty-two thousand five hundred pounds of ginned cotton, grade 'good ordinary,' baled and delivered at the railroad depot at Montezuma, Macon county, Georgia, in good shipping order.

" One-third to be delivered on or before the first day of November, 1878; one third to be delivered on or before the first day of November, 1879, and the last third to be delivered on or before the first day of November, 1880; value received, being the purchase price of plantation in Dooly county, as set out in bond for titles of this date.

W. Minor."

" February 9th, 1878."

Defendant pleaded the general issue, and that on January 19, 1880, he paid to plaintiff 24,662 pounds of "low middling" cotton of the value, of $2,836.13; and on March 22, 1881, he paid 11,324 pounds of " good ordinary " cotton, of the value of $905.92.

W. W. Clark having died, his executor, W. C. Clark, was made a party plaintiff.

On the trial, it was shown that the plaintiff received and receipted to defendant for the amounts and grades of cotton set out in the plea, and there was evidence to show that "low middling" cotton was a better grade than " good ordinary," and the price of each was shown. It was also shown that, at the time the payments were made, the price was higher than when the installments fell due. The jury found for the plaintiff $2,000.00, and judgment was entered accordingly. Plaintiff excepted, and assigned the following errors :

(1.) Because the court refused to charge as follows : "If you are satisfied from the evidence in this case that the plaintiff and defendant entered into a contract in writing, in which the defendant agreed and promised to pay to plaintiff 62,500 pounds of lint cotton of a certain grade in three annual installments, to become due on the 1st of November, 1878, 1879 and 1880, for a plantation in Dooly, and that the defendant failed to pay the cotton as it fell

due, but after the first installment had been due for one year or more, and the second installment was past due, that the defendant then paid plaintiff 24,662 pounds of cotton, and took a receipt for this amount of cotton, but of a better grade, then I charge you that, even if cotton was higher at the time the payment was made than it was at the time the contract fell due, you will only allow the price for the cotton that it was worth at the time the cotton was due, allowing the defendant the difference in the price of the grades of the cotton."

(2) Because the court refused to charge as follows: "When a note is made payable in articles other than money, as a rule, the plaintiff is entitled to recover the value of the article at the time and place where the article is to be delivered and payment is to be made. But if payment is not made in the article stipulated, on the day and at the place agreed on in the note or contract, but payment is made after the note or contract is due in the article agreed to be paid, and at the place where payment was to be made, and the article so agreed to be paid is accepted by the payee, without anything being said by either party, then I charge you that the price that the article was worth at the time the contract or note fell due is the proper price to allow defendant as a credit on his contract or note, and not the price it was worth at the time the payment was made."

(3.) Because the court charged as follows: " I charge you, gentlemen of the jury, that if William Minor made a contract with Clark, whereby he agreed to pay him, in different installments, a given amount of lint cotton of a certain grade, and at stated times, to-wit, the 1st of November, 1878, 1879 and 1880, and Minor did not pay for the cotton at the time stipulated, but after two of the installments had fallen due, to-wit, on January 19th, 1880, Minor then paid him a certain amount of cotton, and took the receipt that has been introduced in evidence for the cotton so paid, and nothing more was said, I charge you

that, if the cotton was worth more at the time the payment was made than it was at the time the contract to pay in cotton was due, then Minor is entitled to a credit for the value of the cotton at the time the payment was made, and not the value at the time the contract was due."

W. S. WALLACE & SON, for plaintiff in error.

W. H. FISH; HAWKINS & HAWKINS; J. W. HAYGOOD; E. G. SIMMONS, for defendant.

BLANDFORD, Justice.

Minor purchased certain lands from Clark, and gave his notes therefor, whereby he agreed to pay so many pounds of cotton in three installments, one to become due 1st of November, 1878, 1st November, 1879 and 1st November, 1880. After these installments became due, Minor delivered to Clark part of the cotton, and being sued for the balance of the cotton due on the notes, he insisted that he was entitled to a credit for the value of the cotton when delivered; that, as the cotton had increased in value when delivered, he was entitled to a credit for the difference in value at the time when he should have delivered it under the contract and when it was actually delivered. The court below seems to have favored this view of the defendant.

When the cotton was delivered by Minor, he was only entitled to a credit for so much cotton, this being a note payable in specifics; the contract was to pay in cotton, and, although it was past due, Clark had the right to waive the violation of the contract by Minor, and receive the cotton; and when the cotton was so received, Clark had the right to bring his action and to recover from Minor the value of the cotton not delivered at the time and place when it should have been delivered, with interest thereon. This, we think, is the proper rule by which to measure the rights of these parties.

Judgment reversed.