John J. P. Read, Appellant, *v.* Louis Knell, Respondent, Impleaded, etc.

*Assignment of a mortgage by an administrator to himself — voidable, but not void.*

If an administrator assigns a mortgage belonging to his intestate's estate for a nominal consideration to an intermediary, who assigns it to him in his individual name, such an assignment is not void but voidable only, and that at the instance of some person interested in the estate; and an objection to the validity of such assignment is not available to a stranger to the estate as a defense to the foreclosure of the mortgage by the assignee.

Appeal by the plaintiff, John J. P. Read, from a judgment of the Supreme Court in favor of the defendant, Louis Knell, entered in the office of the clerk of Erie county on the 1st day of February, 1893, upon the findings and decision of the court at the Erie Special Term dismissing the complaint.

*O. O. Cottle,* for the appellant.

*A. Moot,* for the respondent.

Dwight, P. J.:

The action was to foreclose a mortgage of real estate, made by one Joseph Armbruster to Elizabeth Read, the mother of the plaintiff, since deceased. The answer of the defendant, Louis Knell, the owner of the property, pleaded payment of the mortgage in full; denied on information and belief that the plaintiff was the owner of the mortgage, and alleged facts tending to show a defect of parties.

The proof was that the plaintiff was duly appointed and acted as administrator of his mother's estate; that as such he assigned the mortgage for a nominal consideration to a friend who, in turn, for a similar consideration assigned it to him in his individual name.

His mother left surviving her, one daughter and himself as her sole next of kin, and no husband; the daughter died before the assignment of the mortgage to the plaintiff, without issue. She was reputed to have been married, and a person claiming to be her husband presented a paper purporting to be her will, to the surrogate of Erie county, by whom it was admitted to probate, but the decree was reversed by this court and issues were awarded to be tried by a jury. Such issues were twice tried, but no verdict was reached on either trial.

The learned court at Special Term made no finding whatever bearing upon the question of defect of parties, but found only — in substance — that the plaintiff held the mortgage in his representative capacity as administrator of his mother's estate, and that the assignment to him was absolutely void and vested in him in his individual capacity no title whatever to the security. It was on this ground solely that the judgment was based, dismissing the complaint.

The judgment was clearly erroneous. The assignment was not void but voidable only, and that at the instance of some person interested in the estate. Perry on Trusts, 205; *Hawley* v. *Cramer* (4 Cow. 719); *Forbes* v. *Halsey* (26 N. Y. 53, 65); *Harrington* v. *Brown* (5 Pick. 519, 521), and all the authorities are to the same effect. It was not, therefore, competent for the defendant Knell to object to the validity of the assignment to the plaintiff. (*Harrington* v. *Brown, supra.*) He might, perhaps, have established his defense of the defect of parties, but that question, as we have seen, was not considered nor passed upon by the court at Special Term.

The judgment must be reversed for error in the conclusion of law upon which it was based, and which was duly excepted to. A new trial will be granted, upon which the other defense mentioned may receive consideration.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Judgment appealed from reversed and a new trial granted, costs to abide the final award of costs.