## NEWPORT.

JOHN H. BRADFORD *et al. vs.* DAVID H. KING, JUN., *et als.*

Trustees under a foreign will purchased a mortgage on realty in Rhode Island with the trust funds, but the mortgage was assigned to them in their individual names. The trustees, who resided without this State, both died, leaving wills; but neither of their wills, nor the one under which they were trustees, was ever proved or recorded in this State, nor was administration ever granted on the estates of either of the testators here. The executors of the deceased trustees assigned the mortgage to S., who, by virtue of a power of sale contained in the mortgage deed, sold the land, which finally, through divers intermediate conveyances, came to the complainant J. H. B. in his individual name subject to a mortgage made by his grantor to the complainants as trustees under the first mentioned will, they being the successors in office of the deceased trustees. The several conveyances which were made after the death of the original trustees were without consideration, and made solely for the purpose of establishing a title to the whole estate freed from the trusts. J. H. B. individually, but for the benefit of the trust estate, made a contract with the respondent K. for the sale of the land, which contract the complainants as trustees adopted. On a bill by the trustees for a specific performance, and to enable them to give K. a good title, all parties in interest being before the court and assenting,

*Held,* that the original trustees having purchased the mortgage with funds belonging to the estate of which they were the trustees, held the same as such trustees in equity, notwithstanding the mortgage was assigned to them in their individual names.

*Held,* further, that the several conveyances made after the death of the original trustees being without consideration, operated as merely formal transfers of the mortgage, and did not affect the equitable title thereto, which, after the death of the original trustees, passed to their successors, the complainants, as trustees.

*Held,* further, that the complainant J. H. B. individually acquired no title to the estate which he could convey to another, and hence cannot enforce a contract for the sale of it made with him individually.

*Held,* further, that the complainants as trustees not having the legal title to the first mentioned mortgage either by direct assignment or by the operation of law cannot execute the power of sale contained in the mortgage deed, but are entitled to a decree of foreclosure in accordance with equity practice, by strict foreclosure or by a sale under the order of the court.

BILL IN EQUITY for specific performance and to perfect title. On demurrer and answers.

*Providence, December* 14, 1894. STINESS, J. In 1867 Samuel D. Bradford, Jr., mortgaged real estate in Newport to Alfred Smith for $40,000 and then conveyed the same to

Arthur W. Austin of Massachusetts, in trust, to sell and pay his debts, including the mortgage debt; then in trust for the grantor and wife during their lives, and after them to distribute to his issue or next of kin. In 1881 Smith assigned this mortgage to said Austin and Paschal W. Turney of New York, executors and trustees under the will of Samuel D. Bradford, Sr., who paid for it out of the trust estate, although the assignment ran to them individually. Bradford, Jr., Austin and Turney have died, leaving wills, which were duly proved in their respective States; but neither of the four wills have been filed or proved in this State, nor has administration upon either estate been taken out here. John H. Bradford and the successors of Austin and Turney as trustees are complainants. In 1885, the non-resident executors of Austin and Turney sold the Smith mortgage to Hales W. Suter of Boston, who thereupon sold the estate at auction, under the power of sale contained in the mortgage, to the complainant John H. Bradford, who then sold the estate to William A. Hayes, 2nd, of Boston. Hayes thereupon gave a mortgage to the complainants, as trustees under the will of Samuel D. Bradford, Sr., for the sum of $40,000, and then made a conveyance to John H. Bradford, individually, who has made a contract of sale with the defendant David H. King, Jr., which he now seeks to have specifically performed; or, if need be, that the complainant trustees may be decreed to sell under the Smith or Hayes mortgage, as the court may find one or the other to be valid, in order to perfect the title.

The bill shows that no consideration has been paid in any of these conveyances since the original assignment of the Smith mortgage to Austin and Turney, which was paid for out of the trust funds in their hands under the will of Samuel D. Bradford, Sr., whereby the mortgage debt and security became in equity their property as trustees of said estate. *Jencks* v. *Cook*, 9 R. I. 520; *Watson* v. *Thompson*, 12 R. I. 466.

The case then is this: Austin held the estate in trust, subject to the Smith mortgage held by himself and Turney as trustees. Sundry conveyances were then made for the pur-

pose of working a foreclosure of the mortgage under the power of sale and thus creating a title to the whole estate freed from the trusts, under which John H. Bradford contracted to sell the estate to King. Whatever might have been the result of these conveyances had there been an actual sale for value, it is plain that the mere form of a sale and passing of papers did not change the equitable title a whit. Trusts cannot be wiped out in this easy way. What was done, at most, could be nothing more than to transfer the mortgage around through one and another into the place whence it started; into the trust estate under the will of Samuel D. Bradford, Sr.

John H. Bradford has acquired no individual title to the estate which he can convey to another, and therefore he can not require the respondent King to perform the contract made with him individually for the purchase of the estate. But the bill further alleges that, althought John H. Bradford took the conveyance to himself, he took and holds the same under the trusts of the will of said Samuel D. Bradford, Sr., and under the agreement of sale in behalf of said trust estate. The trustees, adopting the contract as their own, have also prayed, in case the title is defective, that it may be perfected through a sale under the Smith mortgage, and to this the respondent King and all parties in interest, they being before the court as parties to the suit, assent.

It appears from the bill that the trustees had full power to invest and re-invest under the will, and so had power as trustees to take the mortgage; that they did in fact take it as trustees, although they were not described as such. But it came to them after the death of the testator. The will, therefore, did not impose a trust upon this particular property, but relied upon the accountability of the trustees for the value of the trust estate under the different forms into which it might pass. In such a case, the legal title being in the trustees individually, we think they may proceed to foreclosure even though the will has not been recorded in this State. No question is before us which involves the will or the title to the estate except the power of the trustees, and the

admission of this by all parties in interest is sufficient to protect a purchaser at the sale. *Read* v. *Knell*, 69 Hun, 541. Whether in any case of sale by trustees under a foreign will it may be necessary to record a copy of the will in this State we need not now decide. ·

We do not think that such a sale can be made under the power of sale in the mortgage, because the present trustees were not the original appointees, nor are they their assigns in the strict sense in which that term should be construed in a power of this kind. *Douglas* v. *Hennessey*, 15 R. I. 272. They are the equitable holders of the mortgage under the conveyances which have been made. It did not go to them by operation of law as successors of the original trustees, nor by any direct transfer of interest in the mortgage, but became their equitable property in the way we have stated. The foreclosure, therefore, should be in accordance with the practice in equity, and this may be by strict foreclosure or by sale under the order of the court.

*William R. Tillinghast,* for complainants.

*James Tillinghast & Thomas C. Greene,* for different respondents.

