## TYSON *v.* BRAY.

1. An indorsement or assignment of a promissory note, when the same is sued on by the indorsee, need not be proved unless denied on oath.
2. In a suit by an indorsee of a promissory note against the maker thereof, the defendant can not controvert the title of the plaintiff upon the ground of an assignment by him as executor to himself as an individual, such assignment not being void, but merely voidable at the election of those who are parties at interest in the estate represented by the executor.

Argued February 13, — Decided June 26, 1903.

Complaint. Before Judge Evans. Washington superior court. March 5, 1902.

*C. M. Tyson,* by *T. W. Hardwick,* for plaintiff in error.
*E. W. Jordan,* contra.

COBB, J. Allen F. Bray sued Emma L. Tyson upon a promissory note for $500.00 principal, interest thereon, and attorney's fees of ten per cent. upon the total amount due. A copy of the note and of certain indorsements thereon was attached to the petition, from which it appeared that the note was originally made payable to the order of the Security Investment Company. The petition alleged that directly after the execution of the note it was for full value transferred and delivered to Isaac M. Bray, and afterwards and before maturity by the executor of his estate to Allen F. Bray, the plaintiff. Upon the note there was what purported to be a transfer of the same, without recourse, by the Security Investment Company to Isaac M. Bray, the indorsement being signed: " Security Investment Co. H. M. Knapp, Atty. in fact." There was also a further indorsement, purporting to transfer the note from the estate of Isaac M. Bray to Allen F. Bray, the same being signed: " Estate Isaac M. Bray. By Allen F. Bray, Exr." In her answer to the plaintiff's petition, the defendant did not deny the allegation of the petition that she was indebted to the plaintiff the amount of the principal and interest alleged to be due upon the note, but simply denied that she was due the attorney's fees sued for, alleging that " the collection of the same is contrary to the law of 1895, the time when said note was executed." She alleged that, " on account of insufficient information, she was " not able to admit or deny " the allegations of the petition as to the transfer of the note by the Security Investment Company to Isaac M. Bray and its transfer by the executor of his estate to Allen F. Bray, the plaintiff. Upon the trial of the case, the plaintiff offered the note sued on in evidence, which was admitted over the objection of the defendant, but what the objection was the record fails to disclose. There being no further evidence, the plaintiff moved the court to direct a verdict in his favor, to which motion the defendant objected and moved for the direction of a verdict in her favor. The court directed a verdict in favor of the plaintiff, and a verdict was thereupon rendered in favor of the plaintiff for the principal and interest due upon the note. The defendant excepted and brought the case here for review. The first assignment of error in the bill of exceptions is, " The admission of said note as evidence over the objection of defendant." As it nowhere appears in the record what objection was made to the introduction of the note,

under numerous rulings of this court this assignment of error presents no question for our decision.

1. The only other assignment of error is the general one, that the verdict was contrary to law and without evidence to support it. There is no merit in this ground. Counsel for plaintiff in error contends here that the evidence did not support the verdict, because it failed to show any title to the note in the plaintiff. As we have seen, the defendant did not deny that she was indebted to the plaintiff the amount of the principal and interest alleged to be due upon the note, and this is all that the verdict covered; nor did she deny either of the indorsements which appeared upon the note. "An indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath." Civil Code, § 3705. In *Habersham* v. *Lehman*, 63 *Ga.* 380, it was held that "This is true though the name of the indorser purport to have been signed not by himself but by his agent or attorney in fact, and though the action be not against the indorser but against the maker." In that case Bleckley, J., said: "If an agent or attorney can indorse for the payee (than which nothing is more certain), to take the indorsement for granted without proof is to take the authority of the agent or attorney for granted without proof; for the indorsement could not, when executed by an agent or attorney, be the act of the payee unless it was duly authorized." In the present case, the first indorsement is to be taken, without proof, as having been made by the Security Investment Company, the payee in the note, and the second indorsement as having been made by the executor of the estate of Isaac M. Bray.

2. Counsel for plaintiff in error contends that the last indorsement shows a sale by Allen F. Bray, as executor of the estate of Isaac M. Bray, to himself as an individual, and that such a sale is void, and therefore Allen F. Bray, the second indorsee, acquired no title to the note. Granting that the presumption, in the absence of proof to the contrary, is that Allen F. Bray, the executor, and Allen F. Bray, the indorsee, are the same person, the contention of counsel is not sound. A sale by an executor or administrator to himself as an individual is not void, but merely voidable at the election of those who may be interested in the estate, and no one else has the right to have it declared void. *Worthy* v. *Johnson*,

8 *Ga.* 236; *Shine* v. *Redwine,* 30 *Ga.* 780; *Smith* v. *Granberry,* 39 *Ga.* 381; *Thornton* v. *Willis,* 65 *Ga.* 184; *White* v. *Moss,* 67 *Ga.* 89; *Houston* v. *Bryan,* 78 *Ga.* 181; *Word* v. *Davis,* 107 *Ga.* 781, and cases cited. Schouler, in his work on Executors, § 358, says: "The sale will be treated as essentially valid until avoided; and while any party interested may apply to have the sale set aside, notwithstanding the acquiescence of others, it is not for a stranger to exercise any option in the matter." It is true that the cases which we have cited involved public sales in which the trustee, purchasing at his own sale, purchased in competition with others, while here the assignment or sale of the note, by the executor to himself as an individual, was in private, and therefore the chances for the perpetration of a fraud against the estate were far greater than if the sale had been at public outcry; but, so far as we have been able to discover, the principle that a sale by an executor or administrator to himself is not absolutely void, but only voidable at the option of those beneficially interested in the estate, applies as well to private as to public sales. The very question which is involved in this case was passed upon by the Court of Appeals of New York in Read *v.* Knell, 143 N. Y. 484. In that case an administrator assigned a mortgage, which was the property of the estate which he represented, to another person who immediately assigned it to the administrator as an individual, and the administrator in his individual capacity subsequently brought suit against the mortgagor to foreclose the mortgage. The plaintiff's action was dismissed by the Special Term, upon the ground that such a transfer by an administrator to himself as an individual was absolutely void, and, therefore, the plaintiff had no title to the mortgage which he sought to foreclose. The General Term reversed the judgment, holding that the assignment was not void, but merely voidable at the election of the next of kin of the intestate. 69 Hun, 541. The case was then carried to the Court of Appeals, which, by a unanimous decision, affirmed the judgment of the General Term, holding that "A mortgagor can not, in an action to foreclose the mortgage, controvert the title of the plaintiff on the ground of assignment from him as administrator to himself as an individual, as the assignment is merely voidable at the election of the next of kin."

In Murphy *v.* Teter, 56 Ind. 545, certain land had been sold

under an execution procured by an administrator upon revivor of a judgment in favor of his intestate, and, at such sale, had been purchased by the administrator, who subsequently, in his individual capacity, brought suit for rent against a tenant of the defendant in execution.    It was held that the purchase by the administrator was not void but voidable, and that in the suit for rent against the tenant the defendant could not dispute the plaintiff's title.    In both the New York and the Indiana cases it was recognized that as the legal title was in the plaintiff, he could recover upon it, notwithstanding the fact that his title was voidable at the option of those having an interest in the estate which he represented as administrator.    In the present case, the assignment of the note by the executor to himself as an individual, not being void, but merely voidable at the election of parties interested in the estate, conveyed the legal, though defeasible, title to the assignee.    The legal title being in the plaintiff when the suit was brought, he had the right to bring the action ; and such title being still in him when the case was tried, he had the right, in the absence of a valid defense, to recover against the defendant.    The fact that the title which the plaintiff held was voidable by parties at interest in the estate of Isaac M. Bray was no concern of the defendant, as she would be protected by paying the money due on the note to the person holding the legal title thereto.    See, in this connection, *Munnerlyn* v. *Bank*, 88 *Ga.* 336 (1) ; *Daniel* v. *Hollingshead*, 16 *Ga.* 190 ; *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 568.

*Judgment affirmed.    All the Justices concur, except Lumpkin, P. J., and Fish, J., who dissent.*