---

## NEAL *v.* GRAY.

1. Where a policy of insurance contained a provision that "the failure to pay any of the first three years premiums, or any notes or interest upon notes given to the company for any premium or part of a premium, on or before the days upon which such premiums, notes, or interest become due, shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary, and all payments made upon this policy shall be deemed earned as premiums during its currency," and where a note was given for the first year's premium, and when it became due was not promptly paid, but was renewed afterwards during the year, and the renewal note was accepted by the company and

suit brought on it by an indorsee of the company, this operated as a waiver of forfeiture of the policy for non-payment at maturity of the note first given for the annual premium, and it furnished no defense to a suit on the note that the renewal took place some time after such maturity.

2. Whether or not the agent of the company, who represented to the defendant that the policy would not be void, but would remain in force upon giving the renewal note, had authority to waive the forfeiture, the acquiescence in the renewal by the company, and its receipt of the second note and claiming the right to transfer it by indorsement, operated as such waiver.

3. Where a promissory note was indorsed by the payee or by an indorsee from the payee to another "for collection only," the indorsee had such a legal title as would authorize him to bring suit upon the paper in his own name.

4. Unless denied on oath an indorsement need not be proved, although the name of the indorser purports to have been signed by an agent, and the action is against the maker.

5. It being doubtful under the evidence whether the verdict was for eighteen cents more interest than it should have been, this will not necessitate a reversal.

Submitted December 1,—Decided December 21, 1905.

Complaint. Before Judge Holden. Glascock superior court. June 27, 1905.

Suit was brought in a justice's court and carried by appeal to the superior court. It was based on a promissory note dated December 15, 1904, due December 30, payable to the order of the Union Central Life Insurance Company, and signed by Henrietta Neal. It had on it the following endorsements: "The Union Central Life Insurance Co., By T. S. Lowry and Son, Mgrs." "Pay to the order of M. B. Gray, Agt., for collection only. T. S. Lowry & Son, Managers."

The suit was brought by M. B. Gray, "Agt.," against the maker. The defendant filed a plea, admitting a prima facie case and assuming the burden of proof. She pleaded that the note sued on was without consideration, having been given for the premium of a policy of insurance which had already lapsed and become void when the note was made; and that Gray falsely and fraudulently represented to her that the insurance policy would be good if the note was given, notwithstanding it had become void before that time, which representation deceived her and induced her to make the note, and that such representation was untrue, though this fact was unknown to her.

On the trial the evidence showed that the defendant had obtained a policy of life insurance from the company, dated April 1, 1904. Instead of paying the first annual premium in cash, she gave her promissory note for the amount. It does not appear from the evidence what was the date of this note, or when it fell due, but it was renewed once or twice, and the suit was based on a note thus given in renewal. One of the conditions stated in the policy was as follows: "Payment of Premium. The failure to pay any of the first three years premiums, or any notes or interest upon notes given to the company for any premium or part of a premium, on or before the days upon which such premiums, notes, or interest become due, shall avoid and nullify this policy without action on the part of the company or notice to the insured or beneficiary, and all payments made upon this policy shall be deemed earned as premiums during its currency. Any and all notes, with their conditions, which may be given for premiums or loans upon the security of this policy, are hereby made a part of this contract of insurance." The husband of the defendant testified as follows: "When the note sued on was given, the premium was long past due, and I told Mr. Gray that the policy was already void, because the policy said so, and the first note said the policy would be void if the note was not paid at maturity. Mr. Gray, the agent for the company, said that made no difference, that if my wife would give the note the policy would be good. No money has ever been paid. . . She gave this note because Mr. Gray, the agent, told her the policy was good and had not lapsed at the time she gave this note. I did pay the interest on the note when this last note was given. Mr. Gray told me my wife would have to pay the interest. Defendant has had policy ever since it was issued, and had policy, application and receipt when note sued on was given. . . My wife gave the note sued on only because Mr. Gray, the agent, told her if she would give the note the policy would be good. She would not have given the note if he had not told her the policy would be good. She thought Mr. Gray, the agent, was telling the truth."

The application for insurance contained the following provision: "It is hereby agreed and warranted that should the company issue a policy upon the application, its interest shall not be affected by verbal statements made to its agents or others, or by the knowledge of such agent, but that it shall be affected only by the statements

herein made, including that made to the medical examiner, which are hereby warranted to be true, full, and correct as facts, and they shall constitute the basis of any policy which may be issued hereon." The note sued on contained the following: "Such policy including all conditions therein for surrender or continuance, as a paid-up term policy, shall without notice to any party·or parties interested therein be null and void on the failure to pay this note at maturity, with interest from date at 8 per cent. per annum." On the margin of it was printed the following statement: "Agents are not authorized to make any contract verbal or written differing from that written or printed on face of this note, nor are they permitted to collect any part of the same unless endorsed to them for that purpose."

At the close of the evidence the court directed a verdict for the plaintiff. The defendant excepted to the refusal of a new trial.

*B. F. Walker,* for plaintiff in error. *I. S. Peebles Jr.,* contra.

LUMPKIN, J. (After stating the facts.) 1. A policy of insurance may provide that the failure to pay any premium or any notes or interest upon notes given to the company for any premium, on or before the dates upon which such premiums, notes, or interest shall become due, shall avoid and nullify the policy without action on the part of the company or notice to the insured or beneficiary; and such a provision is valid and binding. 2 Joyce on Insurance, §1205. A condition of this character may be waived, or the company may be estopped from asserting it. Thus prompt payment may be waived by a course of dealings calculated to cause the insured to think that the exact time specified would not be insisted upon, and which would operate as a fraud upon one relying on such custom or usage in dealing with him, if suddenly changed without notice. *Grant* v. *Alabama Gold Life Ins Co.,* 76 *Ga.* 575; *Cotton States Life Ins. Co.* v. *Lester,* 67 *Ga.* 247; *Alabama Gold Life Ins. Co.* v. *Garmany,* 74 *Ga.* 51. If the insurance company, with knowledge of the facts, receives and retains past-due premiums after the day specified in the contract for payment, it renews the contract and waives forfeiture for non-payment, where such acceptance is unconditional. 2 Joyce on Ins. §1364; Wyman *v.* Phœnix Mutual Life Ins. Co., 45 Hun (N. Y.), 184; Rice *v.* New England Mutual Aid Society, 146 Mass. 248; Mobile Life Ins. Co. *v.* Pruett, 34 Ala. 488 (8); *Piedmont Ins. Co.* v. *Lester,* 59 *Ga.* 812; *Clark* v.

*Minor,* 73 *Ga.* 590. If the note given for the premium had not been paid at maturity according to the terms of the contract, a forfeiture would have resulted. But if after its maturity the company had received payment of it, the forfeiture would have been waived and the policy renewed. Instead of payment being made in money, the agent represented that the policy would be continued in force upon the giving of a renewal note. This was done, and the note was received by the company and indorsed by it for collection. It had notice of the terms of its own policy, and that the note given for the premium for the current year had not been promptly paid. It saw fit to deliver up the original note and accept in lieu thereof another due at a future date. It could not receive payment of a premium due for the year and at the same time insist on a forfeiture for non-payment. So likewise, when it accepted a renewal of the note due for the current premium, treated such new note as valid, and indorsed it to another who is seeking to collect it by suit, the company can not assert that the policy was void because the renewal was made after the former note became due. Mere demand for a past-due premium has been held not to constitute a waiver of forfeiture, where such payment was refused by the insurer. *Sullivan* v. *Conn. Indemnity Asso.,* 101 *Ga.* 809; *McCroskey* v. *Hamilton,* 108 *Ga.* 640, 646; *National Life Asso.* v. *Brown,* 103 *Ga.* 382. If payment had been made when demanded, a waiver would have resulted. Here surrender of the old note and the acceptance of the note payable in the future for the premiums of the then current year, made after the failure to pay the first note promptly, and with full knowledge of the facts on the part of the company, operated as a waiver of forfeiture as completely as if payment had been made in cash. Gray, the agent, said that the policy would remain of force; and, in view of the facts as indicated in the foregoing opinion, he was right.

It is said that under the terms of the contract the agent was without authority to waive a forfeiture. But after he had taken the renewal note, the company received, held, and indorsed it; and one of its agents, as indorsee, is suing upon it. The forfeiture was therefore waived, the renewal note given by the insured was collectible, and the defense set up was without merit. The defendant also knew all the facts when she gave the second note. *Atlanta Consolidated Bottling Company* v. *Hutchinson,* 109 *Ga.* 550; *Hogan* v.

*Brown,* 112 *Ga.* 662; *Mutual Reserve Fund Life Asso.* v. *Stephens,* 115 *Ga.* 192.

2, 3. In this State an indorsee for collection has such a title as to enable him to bring and maintain a suit in his own name. *Wilson* v. *Tolson,* 79 *Ga.* 137; *Freeman* v. *Exchange Bank,* 87 *Ga.* 45, 47. The authority of Lowry & Son to indorse the note for the company was not denied under oath; but on the contrary the defendant admitted a prima facie case in favor of the plaintiff. Civil Code, §3705; *Habersham* v. *Lehman,* 63 *Ga.* 380; *Tyson* v. *Bray,* 117 *Ga.* 689.

4. It is contended by defendant that her husband paid the interest on the note to its maturity, and that the verdict directed included $1.80 interest when it should have been only $1.62, thus making eighteen cents in excess of the correct amount of interest. This would seem to furnish a proper case for the application of the maxim de minimis non curat lex. *Neal* v. *Brockhan,* 87 *Ga.* 130. Certainly the evidence is not sufficiently clear to require a reversal or a correction of this slight error, if indeed it be one. The entire testimony on this subject is contained in the following statement of the defendant's husband: "I did pay the interest on the note when this last note was given. Mr. Gray told me my wife would have to pay the interest." This does not show how much interest was paid, or to what time.

The defendant having admitted a prima facie case against her, and having failed to establish any lawful defense, there was no error in directing a verdict.

*Judgment affirmed. All the Justices concur.*