### 2970.  GRAY *v.* OGLESBY.

Where the plaintiff sues as the transferee of a note, and then shows in
    evidence the note with the transfer regularly written thereon, he does
    not have the burden of proving the execution of the indorsement, unless
    the defendant has filed a plea of non est factum as to the indorsement.
    A plea that the transfer was fraudulently made is not equivalent to a
    plea of non est factum.  The title of the holder of the note can not be
    inquired into, except for the purpose of letting in defenses.  It is per-
    missible for the defendant to plead defenses to the note, and to plead in
    addition thereto that the title of the holder of the note was not taken
    in good faith.   But in such cases, where the holder appears to have
    taken the note by regular transfer before its maturity, the burden is
    upon the defendant to establish not only his defense, but also the bad
    faith attendant upon the plaintiff's taking the title.
                          DECIDED JUNE 7, 1911.

Complaint; from city court of Nashville—Judge Buie.   August
20, 1910.

*J. P. Knight,* for plaintiff in error.

*Branch & Snow,* contra.

POWELL, J.   Oglesby sued Gray upon a promissory note.   The
note was originally payable to Oglesby & Cozine, alleged to be a
partnership composed of Z. W. Oglesby Jr. and John W. Cozine;
but on the back was an indorsement in their name, transferring the
note to Z. W. Oglesby, the plaintiff.   The plaintiff claimed to be
a bona fide holder for value.   The defendant set up that there had
been a failure of consideration, and that the note had been fradu-
lently transferred for the purpose of cutting off his defense, and
that, while Z. W. Oglesby was nominally the holder, it was really
owned by Oglesby & Cozine, or by Z. W. Oglesby Jr.   On the trial
of the case the plaintiff introduced the note in evidence, and the
transfer referred to was on the back of it.   The defendant at-
tempted to prove that Z. W. Oglesby Jr. had acted as if he were the
owner of the note, after the date of the alleged transfer, by reason
of his having undertaken certain negotiations in reference thereto,
as if he were the owner.   The court excluded this testimony, and no
further evidence was introduced by either party.   The court then
directed a verdict for the plaintiff for the amount of the principal
and interest.

The plaintiff in error (the defendant in the court below) insists
that the judge should not have directed the verdict, but should
have submitted to the jury the question as to whether Oglesby Sr.

was the owner of the note, or whether it belonged to the firm of Oglesby & Cozine; that, as the plaintiff alleged that he was the transferee of the note in good faith and for a valuable consideration, he did not make out his case, in the absence of affirmative evidence on this subject. In the brief of counsel it was also contended that the court should not have directed the verdict, because there was an issue as to the liability of the defendant for attorney's fees; but, as the court eliminated the attorney's fees in his direction of the verdict, this point is not well taken. "The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make." Civil Code (1910), § 4290. "An indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath." Civil Code (1910), § 4299.

In this case the defendant did not deny the execution of the indorsement or transfer on the back of the note, but set up that it was an invalid indorsement, because fraudulently made. Section 4299, quoted above, has reference to cases where a formal plea of non est factum is filed as to an indorsement; hence the plea in the present case was inadequate to put the plaintiff to proof of the execution of the transfer. When the note containing the indorsement or transfer was introduced in evidence, its factum appeared with legal sufficiency. The defendant's plea, however, was not without legal purport. It set up a defense good against the original payee, and then set up the fact that the plaintiff's title to the note was infected with bad faith. Hence, to take the plea as setting up the truth of the case would make section 4290, supra, applicable. But under such a plea the burden is on the defendant, not merely to impeach the bona fides of the plaintiff's title to the note, but also to establish his defense. In this case, even if we concede that the evidence which was excluded would have tended to affect the bona fides of the plaintiff's title to the note, there was no evidence offered as to the other essential thing—namely, that the defendant had a defense to the note. With the evidence in this shape, there was nothing left for the court to do but to direct a verdict for the plaintiff.                                    *Judgment affirmed.*