## INMAN v. MATHEWS.

FISH, C. J. The court did not err in giving the instructions to which exceptions were taken, nor in refusing to give the instructions requested. The evidence authorized the verdict, and a new trial was properly refused. *Judgment affirmed. All the Justices concur.*
FEBRUARY 26, 1913.

Partition. Before Judge Rawlings. Bulloch superior court. December 30, 1911.

*H. B. Strange,* for plaintiff.

*W. H. Fleming* and *Johnston & Cone,* for defendant.

---

## MILES v. BANK OF HARLEM.

BECK, J. The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make. Civil Code, § 4290.

(*a*) Accordingly, where a suit was brought on a negotiable promissory note payable to the order of a decedent and alleged to have been transferred for value by his administrator and indorsed by him before due, there was no error in overruling a demurrer thereto.

(*b*) Where in such a case the defendant pleaded that the note was given for the purchase-price of a certain horse, with a guaranty of its soundness and with the privilege in the purchaser to try it and return it if not found satisfactory, and that after a trial the horse was found to be not sound and was tendered back to the vendor, but he refused to receive it, and that the plaintiff was not such a bona fide holder of the note as to cut off the right of defendant to plead failure of consideration; but where on the trial no evidence was introduced on the part of the defendant to sustain such defense, and that introduced on behalf of the plaintiff showed that after making complaint about the horse the defendant retained the horse and signed the note on which suit was brought, there was no error in directing a verdict in favor of the plaintiff. *Judgment affirmed. All the Justices concur.*
FEBRUARY 26, 1913.

Complaint. Before Judge Hammond. Columbia superior court. September 25, 1911.

*W. H. Fleming,* for plaintiff in error. *John T. West,* contra.