### 4637. BUTLER et al. v. FIRST NATIONAL BANK OF GREENVILLE, TENN.

HILL, C. J. 1. Where one suing as the indorsee of a negotiable note introduces it in evidence with the indorsement of the payee regularly written on it, he is not required to prove the execution of the indorsement, unless the defendant has filed a plea of non est factum as to the indorsement. Civil Code (1910), § 4299; *Gray* v. *Oglesby*, 9 *Ga. App.* 356 (71 S. E. 605).

2. A plea under oath denying the allegation of the petition that the plaintiff is the bona fide holder of the note, for value and before maturity, is not the equivalent of a plea of non est factum as to the indorsement.

3. A bona fide holder of a negotiable promissory note purchased for value and before maturity is protected against the defense that the note was without consideration; and where a negotiable note payable at a future date is indorsed by the payee to the plaintiff, in the absence of proof to the contrary the law will presume that the plaintiff took the note before maturity, for value, and without notice. Civil Code (1910), § 4288; *Morgan* v. *Cedar Rapids Bank*, 7 *Ga. App.* 699 (67 S. E. 1048).

4. Where the maker's only defense to a negotiable note was a denial of the allegation that the plaintiff was in good faith the purchaser of the note for value and before maturity, and there was no evidence to sustain the plea, on the introduction of the note in evidence, showing the transfer to the plaintiff regularly written thereon by the payee, there was no error in directing a verdict for the plaintiff. *Parr* v. *Erickson*, 115 *Ga.* 873 (42 S. E. 240).

5. A stipulation in a note, as in the present case, that the interest shall be paid annually, renders the past-due interest a liquidated demand which itself bears interest. *Union Savings Bank* v. *Dottenheim*, 107 *Ga.* 606, 614 (34 S. E. 217); *Ellard* v. *Scottish Mortgage Co.*, 97 *Ga.* 329 (22 S. E. 893); *Tillman* v. *Morton*, 65 *Ga.* 386; *Merck* v. *Am. Freehold Land Mort. Co.*, 79 *Ga.* 213 (7 S. E. 265). *Judgment affirmed.*
DECIDED JUNE 10, 1913.

Complaint; from city court of Zebulon—Judge Dupree. December 20, 1912.

*B. H. Manry, Henry O. Farr*, for plaintiff in error.
*C. J. Lester*, contra.