9307.   LOVE *et al. v.* REDWINE.

1. The maker of the note set up no defense and showed no reason why, for his protection or to let in any defense, he should be permitted to inquire into the title to the note, and the court did not err in directing a verdict as to him.
2. As to the indorser (payee): the testimony tended to show that the note was transferred by him to the plaintiff's husband, and that if the plaintiff ever became the holder of the note at all, it was after maturity. The testimony tended also to sustain the plea of failure of consideration, filed by the indorser. The issues thus raised should have been submitted to a jury, and the court erred in directing a verdict as to the indorser.

DECIDED APRIL 9, 1918.

Complaint; from Douglas superior court—Judge Bartlett. July 30, 1917.

E. L. Redwine brought suit against Peter Love and T. J. Blair on a promissory note, alleging that Love gave the note to Blair, and that Blair assigned and transferred it to the plaintiff, and that the plaintiff was the holder and owner of the note. The defendants filed a plea, admitting the execution of the note, but denying that the plaintiff was the owner, and alleging that it was indorsed by Blair to W. H. Redwine in consideration of the transfer to Blair by W. H. Redwine of certain shares of the Tennessee Oil Company stock, which W. H. Redwine was to turn over to him; that W. H. Redwine represented that the Tennessee Oil Company was perfectly solvent, and he (Blair) could make a large amount of money by buying the stock; and, upon these representations, which he believed, he delivered this note to Redwine; that the representations were false and fraudulent, and the stock was never delivered to him, and he received no consideration for the transfer of the note, and that the title to the note remained in him, and he asked that the court so decree. It was further alleged that if he transferred this note to E. L. Redwine, he (Blair) did not know it, and that all the transactions he had about the note were made with W. H. Redwine, and that if W. H. Redwine was not acting for himself, he was acting as the agent of E. L. Redwine, and made the statements as her agent.

The trial judge directed a verdict for the plaintiff, and the defendants excepted.

*J. S. James, W. A. James,* for plaintiffs in error.

*J. R. Hutcheson,* contra.

HARWELL, J. (After stating the foregoing facts.) The maker of the note, Love, sets up no defense against the note, which recites that it is given by Love to Blair as part purchase-price for forty acres of land. The plea, so far as Love is concerned, shows no reason why he should inquire into the title of the holder, Redwine, for his protection or to let in any defense which he seeks to make. "The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make." Civil Code (1910), § 4290. *Tyson* v. *Bray,* 117 *Ga.* 689 (45 S. E. 74); *Miles* v. *Bank of Harlem,* 139 *Ga.* 498 (77 S. E. 579); *Bomar* v. *Equitable Mortgage*

*Co.,* 111 *Ga.* 143 (36 S. E. 601); *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72). See also 8 Corpus Juris, 799, 800, §§ 1057, 1058; 1 Dan. Neg. Inst. § 174 (a).

Blair, the payee and indorser, by his plea does, as to any recovery against him, set up a good defense. He claims that W. H. Redwine, the husband of the plaintiff, is the real holder of the note, and that if the plaintiff ever became the holder of the note at all, it was after maturity. He further claims that the consideration of the transfer of the note by him to W. H. Redwine was the purchase of certain shares of oil-company stock which has never been delivered to him. The testimony of Blair tended to sustain his contentions, and the court therefore erred in directing a verdict against him. That portion of Blair's plea which sets up that the title to the note is in him, and asks a decree of the court to that effect, it is not necessary to consider. It is not improper to suggest, however, that if his contentions are correct, he should have some means of preventing the payment of the proceeds of this note over to the plaintiff.

In accordance with the foregoing ruling, the judgment is affirmed as to the defendant Love, and reversed as to the defendant Blair.            *Broyles, P. J., and Bloodworth, J., concur.*