9411.  BOND *et al*, executors, *v.* BOND.

LUKE, J.  1. A person in possession of a promissory note payable to
bearer is presumed to be the owner thereof, until the contrary appears.
The burden of rebutting this presumption is upon the party claiming
adversely to the party in possession of the note, and the issue as to
who is the real owner is a question of fact to be passed upon by a jury.
*Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (63 S. E. 638);
*Culpepper* v. *Culpepper,* 18 *Ga. App.* 182 (89 S. E. 161).

2. To constitute a valid gift, there must be the intention of the owner to
give, acceptance by the donee, and delivery of the article given, or some
act accepted by the law in lieu thereof. Any act that indicates re-
nunciation of dominion by the donor, and the transfer of dominion to
the donee, is constructive delivery, and may suffice to create a valid
gift.  Civil Code (1910), §§ 4144, 4147.

3. There being evidence to authorize the verdict in favor of the defendant,
and the verdict being approved by the trial judge, and there being no
assignment of error of law that requires a reversal of the judgment
overruling the motion for a new trial, the judgment is

Affirmed.  *Wade, C. J., and Jenkins, J., concur.*

DECIDED MAY 16, 1918.

Trover; from Dawson superior court—Judge J. B. Jones.  Oc-
tober 27, 1917.

The executors of J. W. Bond brought trover against his widow
for a promissory note signed by J. W. Bond and A. E. Bond, due
one day after date, and payable to the order of J. W. Bond "or
bearer."  The defendant set up that the note had been given to
her by her husband and was her property. From the evidence at
the trial it appeared that the testator put the note in the defend-
ant's trunk while they were living together as husband and wife,
and that it remained there and they continued to live together
during the rest of his life, a period of about three years.  The de-
fendant testified, that she was not present when the note was put
in the trunk; that she first saw it in the tray of the trunk, a day
or two after it was drawn; that the way she came to find it there
was that he told her it was there.  He and his son, A. E. Bond,
were in partnership, conducting farms, gins, and mills; and she
testified: "The partnership notes were kept in our bedroom, in the
book drawers, and I had the keys; . . he had no individual
notes."  "There were two more small notes, or three, there," in
the trunk, "two small notes belonging to me."  "My husband
never kept any note in my trunk. . . My trunk was in a differ-
ent room from where the notes were kept in the drawer. . . I

kept my clothes in there [in the trunk]; the notes were in the bottom, in a little hand-bag." A. E. Bond testified, that he was one of the executors who brought this suit, and that the testator was his father and the defendant was his stepmother; that he and his father composed the firm of J. W. and A. E. Bond, and the note in question was for $150 which his father had obtained from the estate of a sister and had placed to the credit of J. W. and A. E. Bond, and they had both used the money; that his father put the note in the wife's trunk because he (the father) did not want it referred to until they died or dissolved partnership, and wanted to use the money until then and to keep it separate from the other business; that he saw his father raise the lid of the trunk and put the note into the trunk; that the trunk was in a room used in doing their writing in their business, but the partnership notes were kept in another room; that the next time he looked at this note was about two weeks before his father died, when the wife was away from home; that he then found it in the same trunk where his father had put it, and found another note with it; that his father told him to look in the trunk and get the note; he reported to his father when he found them, and his father said "at the proper time to look after them both; . . he did not say to get them;" this note was in her trunk at the time of his death; the words "or bearer," in the note, were in his father's handwriting. The witness further testified that when he demanded the note after his father's death the defendant said she had given it to the ordinary; that she said that when she found it in the trunk she did not know why it was put there, and she was told by his father to turn it over to the ordinary. The defendant testified that at the time of the demand referred to by A. E. Bond, he said to her that he did not know of the existence of the note in question until told of it by his father, two weeks before the father's death.

In the motion for a new trial it is alleged that the court erred in charging the jury as follows: "I charge you that if he [the testator] delivered it [the note] or undertook to deliver it by putting it in her [the defendant's] own private trunk, separate and distinct from his papers, if nothing more appeared from the evidence as indicating his intention, and if that was the situation, the burden would be on the executors to show by a preponderance of the evidence that the title to the note did not pass." It is al-

leged that this was error because it was in effect an instruction that the mere placing by the husband of a negotiable instrument in his wife's trunk when they were living together as man and wife would place on the husband or his legal representatives the burden of showing that he did not thereby intend to give it to her; and because it was in effect a charge that the placing of the instrument in the wife's trunk in her absence and without her knowledge would prima facie pass title to it; and no such rule is applicable between near relatives. Another ground of the motion is that the court erred in not charging the jury, without any request so to do, that the mere delivery of personal property by the husband into the possession of the wife living with him would not be sufficient to create the presumption of a gift.

*A. W. Vandiviere, O. J. Lilly,* for plaintiffs, cited: Park's Code, §§ 4150, 5729; *Broom* v. *Davis,* 87 *Ga.* 584; *Smith* v. *Berman,* 8 *Ga. App.* 262; 20 Cyc. 1197.

*C. L. Harris, George F. Gober,* for defendant, cited: Civil Code (1910), § 3740; *Blalock* v. *Miland,* 87 *Ga.* 574 (5); *Ogden* v. *Dodge County,* 97 *Ga.* 461 (2).