11924.  LIGHTFOOT *v.* HEAD & CAIN.

BLOODWORTH, J.  1.  "The written notice of claim for attorney's fees required by the proviso to the act of 1900 (page 53) [Civil Code of 1910, § 4252] is itself the best evidence of its contents. · In the absence of other proof of the service of such notice upon the defendant, the proper foundation for the introduction of secondary evidence must be laid, before parol evidence as to the service, nature, or contents of such notice, is admissible. It is error to allow parol evidence as to the contents of such notice, or to refuse, upon proper motion, to exclude such parol evidence, where the defendant has not been served with a notice to produce, nor any attempt been made to show the loss or destruction of the original notice." *Sheffield* v. *Bainbridge Oil Co.,* 3 *Ga. App.* 200 (59 S. E. 725). Under this ruling the court erred in allowing secondary evidence of the contents of the written notice of claim for attorney's fees, no proper foundation having been laid therefor.

2. On the trial the defendant objected to the introduction of the note sued upon, on the ground that "no valid assignment of said note had been made to respondents, and no evidence of same, and that the said stencil marks, instead of making an assignment and transfer of the title to said note to respondents, negatived the assignment and negotiability of the same." The note did show that it was indorsed to "Head & Cain, for collection." Under such assignment "the indorsee had such a legal title as would authorize him to bring suit upon the paper in his own name." *Neal* v. *Gray,* 124 *Ga.* 511 (3), 515 (2, 3) (52 S. E. 622). Section 4290 of the Civil Code (1910) is as follows: "The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make." See *Love* v. *Redwine,* 22 *Ga. App.* 160, and cases cited on pages 161, 162 (95 S. E. 742); *Miles* v. *Bank of Harlem,* 139 *Ga.* 498 (77 S. E. 579); *Johnson* v. *Cobb,* 100 *Ga.* 139 (3) (28 S. E. 72). Section 4299 of the Civil Code (1910) says: "An indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath." In *Tyson* v. *Bray,* 117 *Ga.* 689 (45 S. E. 74), it is held; "An indorsement or assignment of a promissory note, when the same is sued on by the indorsee, need not be proved unless denied on oath." See also *Neal* v. *Gray,* 124 *Ga.* 511 (4) (52 S. E. 622); *Cedar Rapids National Bank*

v. *Beckham,* 6 *Ga. App.* 571 (65 S. E. 359). Under the above rulings the court did not err in allowing in evidence the note sued on.

3. Under the ruling in the first paragraph above, there was no legal evidence before the jury to support that portion of the verdict which awards attorney's fees, and the verdict and judgment thereon is to this extent erroneous, and a new trial is ordered unless the plaintiffs, at the time the remittitur from this court is made the judgment of the trial court, will write off the attorney's fees. If this is done a new trial is refused.

*Judgment affirmed on condition. Broyles, C. J., and Luke, J., concur.*
DECIDED JUNE 14, 1921.

Complaint; from Taliaferro superior court — Judge Walker. October 8, 1920.

*J. A. Mitchell,* for plaintiff in error.  *J. A. Beazley,* contra.