## 13713. EDWARDS *v.* CAMP.

JENKINS, P. J. 1. There is full compliance with the provisions of section 5541 of the Civil Code (1910), requiring that a copy of the contract sued on be attached to or embodied in the petition where the petition sets forth, as to each of the notes sued on, the date, amount, maturity, rate of interest, and date from which it runs, and attaches a specimen copy, with the further statement that each of the notes sued on is otherwise identical in form.

2. An action on a negotiable instrument must be brought in the name of the person holding the legal title thereto (*Benson* v. *Abbott*, 95 *Ga.* 69, 72, 22 S. E. 127; *Haug* v. *Riley*, 101 *Ga.* 372, 29 S. E. 44, 40 L. R. A. 244; *Neal* v. *Gray*, 124 *Ga.* 510 (3), 52 S. E. 622), except that the rule appears to be different where the defendant makes a waiver of his right in this respect, in a suit brought by the equitable owner. *Dorris* v. *Farmers Bank*, 144 *Ga.* 233 (1 *b*) (86 S. E. 1093). Where the instrument is payable to bearer, the person in possession is presumed to hold the legal interest (*Bond* v. *Bond*, 22 *Ga. App.* 366, 95 S. E. 1005), and when payable to order and indorsed, the legal interest is presumed to be in the person holding it. *Nisbet* v. *Lawson*, 1 *Ga.* 275, 284; *Culpepper* v. *Culpepper*, 18 *Ga. App.* 181 (3). Not only is such a person presumed to be a bona fide holder for value (Civil Code of 1910, § 4288), but under section 4290 of the code, " the title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make." The word " holder " as used in the section just quoted refers to a holder by delivery of a note payable to bearer or to a holder by indorsement of a note payable to order. Thus, in a suit on a negotiable instrument, where it affirmatively appears on the face of the petition that the plaintiff is not such a holder of the instrument sued on, — that is, that he has no such actual legal title thereto, — the defendant is privileged to point out such defect by demurrer; but where on the face of the petition the plaintiff is apparently the holder of the instrument (in the sense explained above), the maker will not be permitted to attack the proceeding as being without a proper plaintiff, or to inquire into his actual title by plea, unless it be necessary either " for his protection " (*Bruce* v. *Neal Bank*, 134 *Ga.* 364, 67 S. E. 819; *Carter* v. *Haralson*, 146 *Ga.* 282 (2, 3), 91 S. E. 88) or in order to enable him to avail himself of a " defense " such as would be good as against the payee but not good as against a bona fide holder (*American National Bk.* v. *Ward*, 145 *Ga.* 551 (2), 89 S. E. 578; *Gray* v. *Oglesby*, 9 *Ga. App.* 356, 71 S. E. 605), and then only when such plea has been sworn to. Civil Code (1910), § 4299. Where the attack upon the assignment is not made under or by virtue of such a sworn denial, but is made by demurrer to the petition, mere irregularities and discrepancies which do not render the assignment absolutely void on its face will not suffice to render the petition bad. *Tyson* v. *Bray*, 117 *Ga.* 689 (2) (45 S. E. 74); *Neal* v. *Gray*, supra; *Sheffield* v. *Jackson County Bank*, 2 *Ga. App.* 221 (58 S. E. 386); *Cedar Rapids National Bank* v. *Beckham*, 6 *Ga. App.* 571 (65 S. E. 359). Thus, where one of the notes, originally payable to a partnership, shows

an indorsement in the name of the partnership, a demurrer to the petition, setting up a failure to show title in the plaintiff, is without merit. The fact that the indorsement of the firm name is followed by the name of the plaintiff does not show that he was a member of such firm, and that as such he thus sought to transfer such partnership property to himself, even if it be assumed that such an assignment would be absolutely void. *Tyson* v. *Bray*, supra. The fact that the remaining notes sued on purport to have been assigned by an attorney for the payee does not afford ground of demurrer. *Tyson* v. *Bray*, and *Neal* v. *Gray*, supra, 510 (3).

3. The evidence, though sharply conflicting, was such as could authorize the verdict rendered. The remaining grounds of the motion for new trial, relating to the exclusion of certain evidence and the failure to charge as requested, being insisted upon by the terms of the brief, have been examined, and for none of the reasons assigned can the verdict and judgment be set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*
DECIDED FEBRUARY 13, 1923.

Complaint; from city court of Floyd county — Judge Nunnally. March 20, 1922.

*G. E. Maddox, Henry Walker, Frank Harwell,* for plaintiff in error.

*Willingham, Wright & Covington,* contra.