### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MACON,

# JUNE TERM, 1857.

Present—JOSEPH H. LUMPKIN,
CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

### No. 1.—JOHNSON & SLOAN, plaintiffs in error, *vs.* THOMAS H. CLARKE, defendant in error.

[1.] If evidence be taken by commission, the case in which it is taken need not be stated in the caption to the answers, if it be stated in the heading of the interrogatories, and is set forth in the commission, and all attached together, are enveloped and sent by mail.

[2.] If a contract is to be construed otherwise than literally expressed, there must be something apparent in the evidence to justify the Court in so interpreting it.

[3.] Party making a special contract must comply with it. He cannot voluntarily abandon it against the consent of the opposite party, and recover on a common count, ordinarily.

Assumpsit in Dougherty Superior Court. Tried before ALLEN, Judge, May Term, 1857.

This action was brought by Johnson & Sloan, attorneys at law, against Thomas H. Clarke, to recover the sum of two hundred dollars on the following contract, viz:

"$ 50.   By the 25th of December next, I promise to pay Johnson & Sloan, or bearer, fifty dollars, value received.

January 14th, 1854.        THOMAS H. CLARKE."

Whereas, Thomas H. Clarke, is about to commence a suit in Muscogee Superior Court for the recovery of certain negroes of and from M. N. Clarke, and whereas said Thomas has retained said Johnson & Sloan in said case: Now the said Thomas in the the event of recovering, agrees to pay said Johnson & Sloan one hundred and fifty dollars, in addition to the sum specified in the above note.

January 14th, 1854.        THOMAS H. CLARKE.

Under this agreement, Johnson & Sloan instituted an action of trover against M. N. Clarke for said negroes, sometime in the year 1854: Pending this suit about the 1st of January, 1855, Thomas H. Clarke and his grand-mother, Mrs. Hinton, came up to Columbus, and by some means got possession of the negroes sued for, and took them off, down to Dougherty county, where they resided, and have held possession of them ever since.   At December Term, 1855, the action of trover was dismissed, and Johnson & Sloan claimed from defendant the sum of two hundred dollars; this he refused to pay, and they bring their suit.

Plaintiff's counsel requested the presiding Judge to charge the jury, that if they believed from the evidence that plaintiffs instituted the action of trover for the defendant in pursuance of the contract, and rendered the usual service in the bringing and preparation of the case for trial; and that pending the action, the defendant took the law into his own hands and got possession of the negroes tortiously or otherwise, plaintiffs were not bound further to prosecute the action, and were entitled to recover in this case for the value of their services, and that if they so believe, they must find for plaintiffs, whatever the evidence shows their services to have been worth; which charge the Court declined to give, but on the

contrary, charged the jury, that to entitle the plaintiffs to recover more than the note for fifty dollars, it was incumbent on them to prove a compliance on their part with the terms of contract; that is, to show a recovery in the action, or that they were prevented from a recovery by the act of the defendant, the plaintiff in the trover suit. That the taking of the negroes from the defendant in the trover action, was not such an act as prevented the plaintifi's from prosecuting the action to a recovery; that the plaintiff in the trover action might have been entitled to hire, and if he instructed his attorneys to prosecute the action for hire, and they disobeyed the instructions and dismissed the action, they are not entitled to recover, except upon the fifty dollar note.

The jury returned a verdict for the plaintiff's for the sum of fifty dollars; and counsel for plaintift's except.

1st. Because the Court rejected the depositions of M. N. Clarke and W. S. Clarke.

2d. Because the Court refused to charge, as requested by plaintiff's counsel.

3d. Because the charge given to the jury was erroneous and contrary to law.

STROZIER & SLAUGHTER, for plaintiffs in error.

W. E. SMITH; and R. F. LYON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

On the trial of this cause in the Court below, the plaintiffs counsel offered in evidence the depositions of Michael N. Clarke and William Scott Clarke, taken by commission. They were objected to by defendants counsel, on the ground that the case was not stated at the heading of the answers.

[1.] The case was stated correctly at the head of the interrogatories and in the body of the commission, and the interrogatories, commission, and depositions, were attached

together and sent by mail under cover of an envelope, on which the case was properly stated. The Court rejected the evidence. We think the Court erred in ruling them out. There was sufficient evidence that the depositions were the identical answers given under the authority of the commission, to the interrogatories to which they were attached.

[2.] In regard to the other points in this case, we will remark that an important point of the evidence introduced on the trial before the Court below, is not in the record before us, to-wit: the exemplification of the action of trover brought by Thomas H. Clarke vs. Michael N. Clarke. It was for the institution and prosecution of this suit, that the contract sued on was made. The contract is contained in two instruments, one for the payment of fifty dollars absolutely, and the other for the payment of one hundred and fifty dollars, conditionally. The latter instrument recites that Thomas H. Clarke is about to commence a suit, *"for the recovery of certain negroes."* Nothing is said about the hire. The instrument says further, that in the event of recovering, the said Thomas agrees to pay said Johnson & Sloan one hundred and fifty dollars. Now, there can be no doubt, that, if the cause had been tried and the plaintiff had recovered, the negroes, but, for some cause, the jury had given no hire, the plaintiff in this case action would have been entitled to the hundred and fifty dollars; such are the words of the contract. If the contract is to be extended beyond its words, there must be something to justify the Court in so construing it. It does not appear in the proceedings as exhibited in this record, that, at the time of the institution of the suit, the plaintiff intended to sue for hire His affidavit to hold the defendant to bail is not before us. He cannot therefore say that he claimed hire. Mr. Williams, who gives evidence of the affidavit, says nothing of the value of the hire claimed.

The plaintiff in the action of trover, directed his attorneys, ·the plaintiffs here, to make the defendant pay for the hire if they could. He did not seem to claim it. The exemplifica-

tion of the trover suit, is not before us to enable us to deter mine, whether the suit was brought for the hire, as well as for the negroes. If it was so brought, it is evidence of the interpretation which the plaintiffs put upon their own con tract, and would perhaps have required of us to construe it in the same way, as the hire is usually sued for, when ne groes are.

There are peculiar circumstances in this case, which may have induced the plaintiff to forbear to claim it. And, on the whole, it may be safest to consider that the parties ex pressed their contract as they intended, and that the desire of the party was to recover the negroes. The plaintiffs in this action was bound to execute their contract, and was not bound by the instructions of their client if they went beyond the requisitions of the contract.

[3.] From the evidence in this cause, if the plaintiffs were entitled to recover at all, they must have recovered on their contract, and not on a *quantum meruit*, or *quantum vale bant*. They voluntarily abandoned the suit, and if they did that contrary to their contract, they are not entitled to recover at all, the other party having derived no benefit from their services.

The Court below having erred in rejecting the evidence of the witnesses Clark, and not having charged the law of this contract as we construe it from the evidence in this record, his judgment must be reversed.

Judgment reversed.