## McDONALD v. RIMES et al.

1. In a suit by attachment for purchase-money, where the defendant has voluntarily appeared and pleaded to the merits of the case, the plaintiff is entitled to proceed for a verdict and general judgment, even though the attachment be subject to dismissal. *Cowart* v. *Caldwell,* 134 *Ga.* 544 (68 S. E. 500), and citations. Accordingly, even if the grounds of attachment be insufficient, that would not be cause for dismissing ·the declaration, the defendant having appeared and demurred generally and specially to it.

2. A suit upon a contract for purchase-money due by installments may be maintained for the amount of such installments as were due at the in- ·stitution of the suit, but not for installments to become due. Accordingly, where a suit was instituted on a contract for the entire purchase-price of personal property and real estate which had been sold for one gross amount, payable in installments at different times, it was error to dismiss the entire petition on general demurrer, where one of the install- ments sued for was alleged to be due.

(a) A stipulation in a contract, making provision for the hastening of the maturity of the entire purchase-price, has no application to the first installment.

MARCH 2, 1912.

Attachment. Before Judge Seabrook. Liberty superior court. September 20, 1910.

The bill of exceptions recites that C. J. McDonald sued out against H. P., T. T., and R. D. Rimes an attachment for purchase-money, returnable to the superior court, and at the first term filed his declaration in attachment, which was amended, and afterward was dismissed on general demurrer. Error is assigned on the judgment. The declaration as amended alleged, in substance, the following: On or about July 25, 1909, the plaintiff by written contract agreed to sell to defendants a described storehouse and fixtures and certain personal property therein contained, for a stated sum, a part of which was to be paid in cash and the balance at stated intervals, with interest. The plaintiff was to "have the right to remain in said building and use said property free of rent until January 1st, 1910, and then remove therefrom or pay rent thereafter to the defendants," at a specified rental, " until possession of said property was demanded by said defendants." In the event of failure to meet any of the payments when due, the entire amount was to fall due immediately. The contract was in possession of the defendants, and the plaintiff was unable to exhibit a copy. In pursuance of the contract the plaintiff, on July 26, 1909, made and de-

livered to the defendants a bill of sale to all the personal property and a warranty deed to the real estate, but the defendants failed and refused to make the cash payment which is " now due " or " to give the notes " for the balance of the purchase-price. The prayer was for a judgment for the entire purchase-price and that the property be sold to pay it.

*Way & Burkhalter* and *S. B. Brewton,* for plaintiff.

*P. W. Meldrim,* for defendants.

ATKINSON, J. 1. The ruling announced in the first headnote does not require elaboration.

2. The demurrer admits the truth of the allegations. So considered, the terms of sale were stated, which included, among others, the right of the vendor to remain in possession free of rent for a specified time, and thereafter at stipulated rent, until the vendees should require possession. The contract was entire, and contemplated realty and personalty alike, for which one gross amount was to be paid. The payments were to be in installments, due at different times. The vendor executed and delivered to the vendees a bill of sale conveying the personalty, and a warranty deed conveying the realty. The contract was, therefore, executed by the vendor. He had done all that he promised to do, and it only remained for the vendees to carry out their promise to pay the purchase-price. They refused to do so, even though the deeds had been delivered. One remedy of the vendor was to sue on contract for the stipulated purchase-price. Having adopted that remedy, thereby electing to affirm rather than repudiate the contract, and sue for the purchase-money which, by the terms of the contract, had been promised him, he must abide all the terms of the contract; for he can not take both under and against it. One of the provisions was that the vendees should have a stipulated time within which to meet the several installments in which the purchase-money was payable. One of these (the cash installment) was due, and the action was maintainable for that, though not for the deferred payments which were not due. The stipulation made for the hastening of the maturity of the entire debt is to be construed as referring to failure to meet the deferred payments, and not to the cash payment. Had the action been for damages from breach of the contract, in which other things might be considered in estimating the damages, it would be otherwise. The plaintiff having set forth a cause of

action for some part of the amount sued for, it was error on general demurrer to dismiss the petition.

*Judgment reversed. All the Justices concur (Fish, C. J., and Beck, J., specially), except Hill, J., not presiding.*

FISH, C. J., and BECK, J. We concur in the judgment of reversal, but are of the opinion that where a vendor, under a written contract, sells real and personal property, and the vendee stipulates in the contract that he will pay the purchase-price partly in cash, and give his notes for the balance, maturing at different times, bearing interest from the date of the sale, and the vendor executes and delivers to the vendee a warranty deed to the realty and a bill of sale to the personalty, there being a further stipulation in the contract that the vendor shall have the right to remain in possession of the property free of rent for a given time, and the purchaser, after accepting the deed and bill of sale, refuses to make the stipulated cash payment and to give his notes for the balance of the purchase-price, the vendor, upon such repudiation of his obligations by the vendee, may sue at once for the entire purchase-price of the property.