## FLAGG *v.* HITCHCOCK.

1. The owner of a tract of land orally contracted with A for the sale of it. B proposed to A to be allowed to participate in the purchase. A and B orally agreed that the land should be divided in equal areas, and that the improved moiety should be apportioned to B, who obligated himself to pay the owner one half of the purchase-price of the whole tract and to A one half of the cost of buildings of the value of those on the improved moiety. The owner of the land, on payment of the entire purchase-price (A and B each paying one half), at the request of A made deeds to A and B to their respective moieties, and each entered into possession thereof. *Held,* that the oral contract between A and B is not void for want of consideration.

2. The contract was not void under the statute of frauds, as being in parol, under the facts of the case. The transaction falls within the exception to the statute, that where there has been performance on one side, accepted by the other in accordance with the contract, the statute shall not apply.

3. It is immaterial whether the ground of the attachment be sufficient; as it is well settled that in a suit by attachment for purchase-money, where the defendant has voluntarily appeared and pleaded to the merits. of the case, the plaintiff is entitled to proceed for a verdict and general judgment, even though the attachment be subject to dismissal.

APRIL 17, 1915.

Attachment. Before Judge Park. Baldwin superior court. July 15, 1914.

*Hines & Vinson* and *Sibley & Sibley,* for plaintiff.
*Allen & Pottle,* for defendant.

EVANS, P. J.   Joe Flagg sued out an attachment against Goodwin Hitchcock, and filed his petition in attachment pursuant to the statute. In the petition it was alleged that the defendant was indebted to the plaintiff under the following facts:   One Jasper Hitchcock was the owner of a described tract of land, and entered into a parol contract with the plaintiff to sell it to him for the sum of $1,400.   Goodwin Hitchcock approached the plaintiff and requested that he be allowed to share in the contract as a copurchaser, for one half of the land, upon paying one half of the purchase-price agreed on by the plaintiff and Jasper Hitchcock.   In the negotiations it developed that Goodwin Hitchcock desired that moiety on which the buildings were located, and it was verbally agreed between the plaintiff and defendant that the latter should participate to the extent of one half of the land, and that each was to pay to Jasper Hitchcock $700.   It was further agreed that a survey was to be made of the premises at the joint expense of both, and the land be equally apportioned in area, and that plaintiff was to take the unimproved half and the defendant was to take the improved half, and in consideration of the plaintiff permitting the defendant to take the improved half the defendant agreed that he would furnish to the plaintiff one half of the labor and material for the construction of buildings on the plaintiff's part, of equal value to those on the half apportioned to the defendant.   In pursuance of this agreement a survey of the land was had, and, at the request of plaintiff, Jasper Hitchcock conveyed the improved half to Goodwin Hitchcock, who paid him therefor $700, and the unimproved half

to one who advanced the purchase-money for the plaintiff, and who gave the plaintiff bond for titles. Upon the making of these deeds by Jasper Hitchcock the plaintiff and defendant entered into possession of their respective moieties. The plaintiff called upon the defendant to comply with his contract for the erection of the improvements on his half of the land, which the defendant refused. The value of the improvements, to equalize the division agreeably to the contract of the parties, is $600, and the plaintiff asks judgment of the defendant for one half of this sum, to wit, $300. The defendant demurred to the petition, on the ground that no cause of action was set out, for the reason that the alleged contract was void as being without consideration, and unenforceable because the contract was not in writing. The court sustained the demurrer and dismissed the case.

1. We do not think that the contract between the plaintiff and defendant was void for want of consideration. It is true that the contract by the owner of the land to sell it to the plaintiff was unenforceable, because the statute of frauds requires contracts for the sale of land to be in writing, signed by the party to be charged therewith. Civil Code (1910), § 3222. The vendor could have repudiated that contract; but inasmuch as he recognized its binding force and executed deeds to effectuate it, the infirmity of the parol executory contract was cured. It makes no difference that the vendor made two deeds, one to the plaintiff and the other to the defendant, inasmuch as both were made at the instance and request of the plaintiff, in execution of the parol contract of sale. The transaction is equivalent to the vendor making a deed of the whole to the plaintiff. If the vendor had made a deed to the whole land directly to the plaintiff, and he in turn had conveyed the improved half to the defendant in consideration that the latter had paid to the vendor one half of the purchase-money of the whole tract, and his promise to pay to the plaintiff such sum as would equalize the division, it could not be contended that the defendant's promise in this regard would be a nude pact. We can not differentiate the obligation and effect of the defendant's promise to pay such sum as would make the two tracts of equal value, if the contract had been executed in the manner supposed, from that in which it was actually carried out.

2. The contract was not void under the statute of frauds, as

being in parol, under the facts of the case. The transaction falls within the exception to the statute, that where there has been performance on one side, accepted by the other in accordance with the contract, the statute shall not apply. Civil Code (1910), § 3223.

3. The remedy pursued was an attachment for the purchase-money. It is immaterial whether the ground of the attachment be sufficient; as it is well settled that in a suit by attachment for purchase-money, where the defendant has voluntarily appeared and pleaded to the merits of the case, the plaintiff is entitled to proceed for a verdict and general judgment, even though the attachment be subject to dismissal. *McDonald* v. *Rimes,* 137 *Ga.* 732 (74 S. E. 266).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*