16306.   REED v. COLONIAL HILL CO.

The notes sued on, and not the contract referred to in the notes, constituted the cause of action in this case; and section 5541 of the Civil Code of 1910 does not require that a copy of the contract be set out in the petition.

DECIDED MAY 14, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. February 4, 1925.

*John A. Dunaway, Bryan & Middlebrooks,* for plaintiff in error.
*George B. Rush,* contra.

BLOODWORTH, J.   Suit was brought in the municipal court of Atlanta on a number of promissory notes, the amounts of which, the time of signing, and the dates of maturity, were stated in the petition.   A copy of one of the notes was attached to the petition, and it was alleged that "all of the remaining notes are similar to the copy of the note hereto attached, with the exception of the due date."   The only reference to any contract other than the notes was in a clause in the attached copy of the note, as follows: "I have given 74 notes for the deferred payments for a certain lot of land as shown by the contract of sale of this date."   A demurrer alleged that the petition was defective and should be stricken because "the contract of sale referred to in the copy of the notes sued on is not set out in said petition nor attached thereto as an exhibit."   The demurrer was sustained and the petition dismissed.   Certiorari was sustained by the superior court, and the defendant excepted.

In *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418), it is held: "Civil Code § 5541, as to setting out copies of contracts, obligations to pay, or other writings which constitute the cause of action, or the basis of the relief prayed for, applies only where the instrument sued on constitutes the cause of action, or the basis of the relief prayed."   As the notes sued on, and not the contract referred to therein, constituted the cause of action in this case, the section of the code referred to in the foregoing quotation, which is relied upon in support of the demurrer, does not require that a copy of the contract be set out in the petition. The contract referred to in the notes does not constitute the cause of action.   If there is anything in that contract of which defendant wished to take advantage, he should have done so by filing an ap-

propriate plea. See, in this connection, *Iltner Bros.* v. *Farmers State Bank,* 15 *Ga. App.* 235 (82 S. E. 909). That the petition in this case is sufficient is shown by the ruling in the first headnote in *Edwards* v. *Camp,* 29 *Ga. App.* 556 (116 S. E. 210), which is as follows: "There is full compliance with the provisions of section ·5541 of the Civil Code (1910), requiring that a copy of the contract sued on be attached to or embodied in the petition, where the petition sets forth, as to each of the notes sued on, the date, amount, maturity, rate of interest, and date from which it runs, and attaches a specimen copy, with the further· statement that each of the notes sued on is otherwise identical in form."

The judge of the superior court properly sustained the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*