## VALDOSTA MACHINERY COMPANY *et al. v.* FINLEY.

1. The petition was not subject to general demurrer upon the ground that there was no equity in the bill.
2. The court did not err in overruling the demurrer based upon the ground that the description of the property which was the subject-matter of the contract was so absolutely vague, indefinite, and uncertain that the contract itself was void. Parol evidence was admissible in support of the very definite description of the purchased premises as embodied in the petition, and the description was such that parol evidence was admissible for the purpose of identification of the subject-matter of the contract.
3. The ruling upon the special demurrers is controlled by the principles announced in the second division of the opinion.

No. 5777. SEPTEMBER 7, 1927. REHEARING DENIED SEPTEMBER 22, 1927.

Specific performance. Before Judge W. E. Thomas. Lowndes superior court. November 16, 1926.

*J. G. Cranford, Taylor & Spurlin,* and *Franklin & Langdale,* for plaintiffs in error.

*Copeland & Dukes* and *G. A. Whitaker,* contra.

RUSSELL, C. J. The exception presented by this writ of error is to the overruling of a demurrer, under the provision whereby a writ of error is given because had the demurrer been sustained and the petition of the plaintiff dismissed a final disposition of the cause would have resulted.

---

Evidence, 22 C. J. p. 1098, n. 96; p. 1261, n. 11.

Frauds, Statute of, 27 C. J. p. 192, n. 72.

Specific Performance, 36 Cyc. p. 591, n. 83; p. 652, n. 47; p. 773, n. 52.

D. A. Finley filed an equitable petition against the Valdosta Machinery Company and G. A. Powell, in which he prayed specific performance of an alleged contract under which he averred he had purchased certain property at the price of $2000, and had made partial payment in the sum of $200. Finley alleged that he was doing business in· the City of Valdosta, Lowndes County, Georgia, under the trade-name and style of Finley Machinery Company; and that about August 1, 1925, he entered into a contract with the Valdosta Machinery Company to purchase from it two tracts of land particularly described in the petition, for $2000, of which $200 was paid in cash and the remaining $1800 was to be paid as soon as the Valdosta Machinery Company submitted evidence of marketable title to such land. Upon the payment of the $200 a receipt was delivered to the petitioner,· in the following terms: "Received from the Finley Machinery Company $200, as initial payment on purchase-price of two certain parcels of real estate on River Street and G. S. & F. Railway Company; known as Valdosta Machinery Company and Myrick tracts. The sale price of these parcels of real estate is $2000 cash, and does not include any other kind of property or anything except the land. Remainder to be paid during the next few days, when perfect title is submitted. Valdosta Machinery Company, By Chas. I. Harrell, President." It is alleged in paragraph 8 of the petition that at the time of the delivery of said receipt the Valdosta Machinery Company was in possession of and claimed to own a certain lot or parcel of land located on the south side of River Street and on the east side of the G. S. & F. Railway, which was then known and called the Valdosta Machinery Company tract, and which is very minutely described in the petition by metes and bounds as well as by reference to a prior deed of record in the clerk's office of the superior court of Lowndes County, Georgia. In the ninth paragraph a like minute description of the Myrick tract of land located in the City of Valdosta, Lowndes County, Georgia, "generally and commonly known as the Myrick tract of land and bounded on the north by River street and on the west by the G. S. & F. Railway Company," is set forth. In the tenth paragraph it is alleged that the foregoing two tracts of land are the only lots, tracts, or parcels of land in the City of Valdosta which the Valdosta Machinery Company claims to own, and were the lots of land referred to in the receipt.

It is averred in the eleventh paragraph that the true intent and meaning and the legal effect of the instrument or receipt above quoted bound the Valdosta Machinery Company, within a reasonable time after its execution and petitioner's payment of the purchase-price referred to, to submit to petitioner an abstract of title showing that the Valdosta Machinery Company owned good and marketable title to the lots of land involved, but that the company failed and refused to do so, although so requested by the petitioner from time to time. It is further alleged that although the petitioner offered to pay the balance of the purchase-money in discharge of an outstanding deed to secure debt, which was a lien upon the land and which the Valdosta Machinery Company admitted to be a valid indebtedness, said machinery company arbitrarily refused to discharge the same and convey title to petitioner, and later, in February, 1926, said machinery company, in utter disregard of petitioner's rights, executed a deed to G. A. Powell, purporting to convey to him in fee simple the two described lots or tracts of land which it had agreed to convey to petitioner. He further alleged that Powell bought with full knowledge of the petitioner's rights and subject thereto. Petitioner tendered the sum of $1800, the balance of the purchase-money, to said G. A. Powell on March 1, 1926, said tender being unqualified, unconditional, and continuous, and being tendered into court. Petitioner purchased the lots because he had in mind that they were peculiarly fitted and suited as a location for the particular business in which he was engaged. He alleges that the Valdosta Machinery Company is insolvent and unable to respond in damages.

The defendants demurred to the petition, upon the grounds: (1) There is no equity in the petition. (2) The purported receipt as set forth in paragraph six of the petition is too vague, indefinite, and uncertain to authorize the court to decree specific performance. (3) Specially to paragraph eleven, because it seeks to allege a legal conclusion not authorized by the instrument in writing therein referred to. Paragraph nineteen was demurred to as irrelevant and immaterial. We are of the opinion that the trial judge properly overruled the demurrer, the grounds of which will be treated in their order.

1. The petition is certainly sufficient to withstand the general demurrer for want of equity. "Specific performance of a contract

(if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance." (Code 1910, § 4633.) This code section includes parol as well as written contracts; and although all contracts regarding the sale of lands are required by the statute of frauds to be in writing, nevertheless a well-recognized exception to this general rule is presented in the case at bar, in that the petitioner had paid $200 of the purchase-price, and in view of the allegations of the petition it would be a fraud for the vendor to retain the $200 and fail to comply with his contract. So far as the general equity of the cause is concerned and the first ground of demurrer is applicable, it would be altogether immaterial had the entire contract rested in parol and there had been no writing whatsoever. The petition presents a case where a person engaged in dealing in or manufacturing machinery had in view a particular location especially suitable for that purpose, entered into a contract for its purchase, and paid a portion of the purchase-price, and is refused his bargain. It is apparent that damages would not be an adequate compensation for the non-performance of the contract which upon the part of the purchaser had been partially performed. It further appears that it was due to no fault of the petitioning purchaser that the contract was not fully complied with. It is further alleged that the Valdosta Machinery Company is now insolvent, and therefore any recovery of damages is for that reason precluded. However, under the allegations of the petition, if G. A. Powell, who is properly made a party in the cause, purchased the property with full knowledge of the petitioner's rights under the contract alleged, performance of the contract may still be specifically enforced. We are clear that there is no merit in the first ground of the demurrer.

2. The second ground of demurrer is that the description of the lots of land purporting to be the subject-matter of the contract is so absolutely vague and indefinite as to avoid the contract. It is strongly urged that the terms of the contract to be specifically performed must be certain, and that the land which is the subject-matter of the contract must be clearly identified. In support of this proposition *Estes* v. *Winn*, 136 *Ga.* 344 (71 S. E. 470), is cited. It is insisted that the receipt has no date, nor is the place of its execution stated. It is argued that the absence of a statement as

to the time when the alleged contract was made and the absence of any statement as to where it was executed precludes the possibility of rendering the contract certain. It is pointed out that there is no statement in the receipt indicating in what State, county, or city the lots are located, and that it is impossible to determine from the writing whether the lots spoken of as the Valdosta Machinery Company and Myrick lots are in Macon or some other town on the line of the G. S. & F. Railway in Georgia, or even in Jacksonville, Florida, inasmuch as any of these other places may as well be presumed to have a street known as River Street as that such a street may be presumed to exist in any other town on the line of the G. S. & F. Railway. We are of the opinion that the trial judge correctly held that the description of the subject-matter was sufficient to admit parol evidence in aid of what is stated in the receipt and in support of the various explanatory statements contained in the petition. While parol evidence is inadmissible to add to or vary the terms of a written contract, this rule has no application when the sole purpose of the introduction of parol evidence is to make plain the subject-matter of the contract to which the terms of the contract are to be applied. The writing in the present case, as tacitly admitted by the plaintiffs in error, sufficiently sets forth the purchase-price and terms of payment for the land. No extraneous evidence is necessary to establish that the parties agreed, the one to receive and the other to pay $2000 for two tracts of land, and that $200 of the purchase-price had been paid thereon. The subject-matter of the negotiations which the writing purported to record was two pieces of land, one generally known as the Valdosta Machinery Company tract and the other as the Myrick tract. The meaning of this much of the contract is beyond any doubt or question, and required no explanation. "Parol evidence may always be resorted to for the purpose of explaining the position of the parties and of the subject-matter and other surrounding circumstances at the time of concluding the contract, so that the court may be put into the position of the parties, may see with their eyes, and may understand the force and application of the language employed by them. In this manner the subject-matter may always—as in the interpretation of a will or deed—be ascertained and identified. For example, a contract by which the vendor agreed to sell 'my mill,' or even 'the mill,' would be sufficiently

certain, and the subject-matter clearly identified by proof that at the time the vendor owned a mill and but one mill. Such a description would then be as unmistakable as the most elaborate method of fixing and locating the structure. In fact, however detailed the description, there must always be a resort to some parol evidence, either in the form of direct proof, or of tacit admission or assumption by the parties." Pomeroy's Specific Performance of Contracts (3d ed. 1926), § 161. To this section the author has given a copious note citing a large number of authorities which do not differ from similar cases in our own reports, including the comparatively recent case of *Tolbert* v. *Short*, 150 *Ga.* 413 (104 S. E. 245), where a description of the land was held to be sufficient, by reference to the general name by which a certain tract was well known, to leave further identification, if necessary, to be completed by aliunde evidence, so that under proper allegations in the petition the property as to which specific performance was decreed might be specifically and minutely described. See also *Petretes* v. *Atlanta Loan & Trust Co.*, 161 *Ga.* 468 (131 S. E. 510), and cit. In the case of Barry *v.* Coombe, 1 Peters, 640 (7 L. ed. 295), in the Supreme Court of the United States, Mr. Justice Johnson delivering the opinion, the description of the property was "your 1-2 E. B. Wharf." In a suit for specific performance, the uncertainty of this description being argued as a defense, the court said, "for anything that appears on the face of the instrument, E. B. Wharf. may be as definitive a description of locality as F. Street, and then the ambiguity could only arise if it be shown that the bargainor had more than one house in F. Street." It will be noted that in the petition in this case it is alleged that the Valdosta Machinery Company owned no land in Valdosta other than the two pieces described in the receipt.

3. The demurrer as embraced within the third ground is special, and is addressed to the eleventh and nineteenth paragraphs of the petition; and in view of our ruling as to the propriety of admitting parol testimony merely in explanation and identification of the subject-matter without attempting to vary any of the *terms* of the writing, it was correctly overruled.

*Judgment affirmed. All the Justices concur.*