### 34161.  RAMSEY *v.* LANGLEY.

Decided July 16, 1952.

*Thomas A. Hill, Miller & Head,* for plaintiff in error.

*E. B. Judge,* contra.

CARLISLE, J. ■ Properly construed, count 1 of the petition clearly stated a cause of action for the unpaid balance due on the alleged promissory note. It is alleged that the defendant is indebted to the plaintiff in the sum of $850 *plus interest*

*thereon at eight percent* from October 15, 1950, the date of the last payment made on the note, and the plaintiff in his prayer asks that interest at eight percent be awarded to him. Code § 57-101 provides that any rate of interest higher than seven percent must be specified in writing. Obviously, if the plaintiff is to obtain interest at eight percent he must sue upon the note, the written instrument providing therefor. Treating count 1 as a suit upon the note, we are confronted then with the question of whether or not the court erred in sustaining the special demurrer requiring the plaintiff to attach a copy of the note to his petition. In *Edwards* v. *Camp,* 29 *Ga. App.* 556 (116 S. E. 210), it was held: "There is full compliance with the provisions of section 5541 of the Civil Code (1910) [Code, § 81-105], requiring that a copy of the contract sued on be attached to or embodied in the petition, where the petition sets forth, as to each of the notes sued on, the date, amount, maturity, rate of interest, and date from which it runs, and attaches a specimen copy, with the further statement that each of the notes sued on is otherwise identical in form." In paragraph 4 of the petition it is alleged that the note was made by the defendant to the plaintiff on September 15, 1948, and it presumably bore that *date;* it is alleged that the note was in the original *amount* of $1300; it is alleged that the note is payable in monthly instalments of $50, and presumably each instalment *matures* on the day of the month on which it falls due; and it is alleged that the note is to bear *interest* at the rate of eight percent from maturity. These allegations make a sufficient statement of the substance of the note to constitute a compliance with the provisions of Code § 81-105 and to render attaching a copy of the note unnecessary. *Mercier* v. *Copelan,* 73 *Ga.* 636 (3); *Gibson* v. *Robinson,* 90 *Ga.* 756 (1) (16 S. E. 969); *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428 (34 S. E. 679); *Dotson* v. *Savannah Pure Food Canning Co.,* 140 *Ga.* 161 (78 S. E. 801); *Reed* v. *Colonial Hill Co.,* 34 *Ga. App.* 48 (128 S. E. 201). It follows that the trial court erred in sustaining the special demurrer to paragraph 4 of the first count of the petition on the ground that a copy of the note had not been attached to the petition.

Since count 1 of the petition is properly construed to constitute an action on the note and not upon the rentention-of-title

contract, it was unnecessary to attach a copy of that contract to the petition. *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418); *Reed* v. *Colonial Hill Co.,* supra. The trial court, therefore, erred in sustaining the special demurrer to paragraph 7 of count 1.

■ "A suit upon a contract for purchase-money due by instalments may be maintained for the amount of such instalments as were due at the institution of the suit, but not for instalments to become due." *McDonald* v. *Rimes,* 137 *Ga.* 732 (74 S. E. 266); *Martin* v. *McLain,* 51 *Ga. App.* 336 (3) (180 S. E. 510). It appears from the allegations of count 1 that at the time of the institution of the suit on November 21, 1951, there were thirteen monthly payments past due, the last payment on the note having been made on October 15, 1950, and it nowhere appearing that the entire amount of the note became due and payable upon the maker's failure to meet the monthly payments. A cause of action was stated in count 1 of the petition for the instalments which were past due and the trial court erred in sustaing the oral motion, in the nature of a general demurrer, to dismiss the petition.

■ As to count 2 of the petition, the trial court did not err in sustaining the oral motion to dismiss, in the nature of a general demurrer. There cannot be an express and implied contract for the same thing existing at the same time between the same parties. It is only when the parties themselves do not expressly agree, that the law interposes and raises a promise; and no agreement can be implied where there is an express one existing. While it is alleged in this count that the plaintiff sold the automobile for the sum of $1300, and delivered it on October 15, 1949, from which the law would ordinarily imply a promise to pay, nothing more appearing, it is also alleged that the defendant promised to pay for the automobile in monthly instalments of $50 each. As a matter of mathematical calculation the defendant under such agreement had 26 months within which to make the payments in the absence of an agreement that failure to make a monthly payment would cause the remaining instalments to become due and payable. There are no allegations of abandonment or rescission of this arrangement as to payments, nor allegations from which abandonment or

rescission could be inferred; and with the express agreement as to the payment of the purchase price still outstanding the plaintiff cannot recover upon a quantum valebat. 12 Am. Jur., p. 505, § 7; *Baldwin* v. *Lessner*, 8 *Ga.* 71; *Johnson* v. *Clarke*, 22 *Ga.* 541; *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.,* 28 *Ga. App.* 391 (111 S. E. 220).

It follows, therefore, that the trial court erred in sustaining the demurrers to count 1 of the petition, but was correct in sustaining the general demurrer to count 2.

*Judgment affirmed in part and reversed in part. Gardner, P.J., and Townsend, J., concur.*