## 30783. JOHNSON et al. v. WALTON et al.

JORDAN, Justice.

This is an appeal from a jury verdict awarding plaintiff a one-half undivided interest in the estate of Tom Alford pursuant to an alleged parol contract, and a tobacco allotment in compensation for services rendered to Tom Alford by plaintiff.

Complaint was filed by Alice Walton against Mamie Lois Johnson, individually and as executrix of the estate of Tom Alford, and Amos Johnson seeking recovery under two counts. In Count 1 she sought $10,000 for services rendered. In Count 2 she sought specific performance of a parol contract allegedly entered into with Tom Alford and Mamie Johnson whereby the property would be left to Mamie Johnson and that Mamie Johnson would give plaintiff at least one-half of Tom Alford's estate with the understanding that she would care for Tom Alford for the remainder of his life. Plaintiff alleged the value of the estate to be $30,000.

Appellants contend on appeal that the judgment is not supported by the evidence, and that the trial court erred in charging the jury on the law of contracts and fraud as there was no evidence to support such.

1. The main question on appeal is whether the evidence is sufficient to sustain the verdict of the existence of a parol contract to make a will between plaintiff and Tom Alford or of a parol contract between plaintiff and Mamie Johnson. Because of Georgia's "Dead Man's Statute" (Code Ann. § 38-1603), plaintiff was unable to testify to any conversations or transactions she might have had with the deceased, and was therefore unable to introduce any evidence of an agreement between her and Tom Alford. However, sufficient

evidence was introduced to establish an oral contract between plaintiff and Mamie Johnson to justify the jury's verdict awarding one-half of Alford's estate to plaintiff.

Plaintiff testified that in 1969 she moved from Chicago, Illinois, which had been her home for 34 years, to Adel, Georgia, for the purpose of caring for her ailing mother, and upon the death of her mother in 1970 she stayed at the homestead to care for her step-father who was then in his nineties. She testified that after her mother's death Mamie Johnson, the great-grandchild of Tom Alford, told plaintiff that upon the death of Tom Alford she would convey the estate to plaintiff. Mamie Johnson also acknowledged that plaintiff was caring for Tom Alford and approved of such. Plaintiff further testified that in reliance upon that representation she remained on the homestead and cared for Alford. The testimony of a neighbor of Tom Alford established that for approximately 3 1/2 years plaintiff cared for the needs of Tom Alford. During this time Mamie Johnson lived in New Jersey and visited her great-grandfather once a year. Plaintiff continued to care for Tom Alford until his death in 1973. His will named Mamie as the sole legatee, and she now refuses to convey any part of the estate to plaintiff denying the existence of a contract.

The case therefore evolved into an issue of credibility between plaintiff and Mamie Johnson. The jury apparently chose to believe plaintiff's testimony, and we will not overturn this verdict unless there is no evidence of a contract. Evidence of the existence of the contract was introduced by the testimony of plaintiff, and any favorable inferences which the jury may have drawn from the circumstances.

We affirm the judgment awarding the plaintiff one-half undivided interest in the estate of Tom Alford.

2. In the alternative, the plaintiff sought recovery in assumpsit against the estate for services rendered for which the jury awarded the tobacco allotment on Tom Alford's farm. This verdict and judgment is supported by neither the pleadings nor the proof, and was therefore illegal and void. See Code Ann. § 110-101; *Pray v. Pray,* 223 Ga. 215 (154 SE2d 208) (1967); *Frady v. Frady, 222*

Ga. 184 (149 SE2d 324) (1966); *Griffeth v. Haygood,* 174 Ga. 22 (161 SE 831) (1931). The pleadings sub judice prayed in the alternative for specific performance of the alleged parol contract or for assumpsit on quantum meruit; both could not be granted. Furthermore, it is repugnant to award under both a parol contract for services and an implied contract for the same services.

The judgment awarding plaintiff the tobacco allotment must therefore be set aside.

3. Appellant contends that the trial court erred in charging the jury on the law of contracts and fraud as they were not authorized by the evidence. With this we disagree. We have already held that the evidence was sufficient to sustain the finding of a contract and a reading of the record convinces us that there is slight evidence which supports the charge of fraud.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Undercofler, P. J., and Hall, J., who dissent.*

Submitted January 30, 1976 — Decided April 20, 1976.

*Edward Parrish,* for appellants.
*Jack W. Carter,* for appellee.