68529. BEACON INDUSTRIES, INC. et al. v. VANDERBUNT CONCRETE, LTD.
(323 SE2d 871)

McMURRAY, Chief Judge.

Plaintiff, Vanderbunt Concrete, Ltd., brought suit against defendants, Beacon Industries, Inc. (Beacon) and Cotton States Mutual In-

surance Company (Cotton States), in the State Court of Fulton County. The complaint was couched in two counts. In Count 1, plaintiff, a subcontractor, sought damages in the amount of $11,708.64 for breach of a construction contract against Beacon, the contractor, and Cotton States, the surety. In Count 2, it was alleged that defendants were liable to plaintiff for the same amount of money under an implied contract theory. In addition, plaintiff sought expenses of litigation against defendants alleging stubborn litigiousness and bad faith. Defendants answered the complaint, denying the material allegations thereof. Additionally, by amendment, defendants counterclaimed against plaintiff seeking damages on the ground that plaintiff breached its contractual obligations to Beacon. The case was tried by the court without the intervention of a jury. Thereafter, the trial court rendered its findings of fact and conclusions of law. The court concluded that plaintiff was entitled to recover against defendants the sum of "$11,487.92" principal, plus attorney fees in the amount of $5,960, and that defendants were not entitled to a recovery upon their counterclaim. Defendants appeal. *Held*:

1. During the course of the trial, Bruce C. Vanderbunt, the president and owner of the plaintiff, testified that plaintiff incurred damages in the amount of $11,487.42 on account of the breach by Beacon of the construction contract. At another point, Vanderbunt averred, in a conclusory fashion, that the reasonable value to Beacon of the work which plaintiff performed was $20,000; and that the amount which remained owing to plaintiff after payments and deductions was $11,487.42. In its findings of fact and conclusions of law, the trial court held that, "[a]s a matter of law, Plaintiff is entitled to recover $11,487.42 on the theories of breach of contract and quantum meruit."

Relying upon *Ramsey v. Langley*, 86 Ga. App. 544 (71 SE2d 863), defendants contend the judgment of the trial court is clearly erroneous. We recognize that there cannot be an express and implied contract for the same thing existing at the same time between the same parties. It is only when the parties do not expressly contract that the law interposes and raises an implied promise. *Ramsey v. Langley*, 86 Ga. App. 544, 549 (4), supra. Thus, although a plaintiff may plead theories of express contract and implied contract alternatively, recovery may only be had upon one theory or the other. *Ford v. Harden*, 94 Ga. App. 902 (2) (96 SE2d 617). But where the trial court awards only one recovery, it cannot be said that the defendant has been harmed. Compare *Johnson v. Walton*, 236 Ga. 675, 676 (2) (225 SE2d 55). In the case sub judice, although the trial court inconsistently found against defendants upon express and implied contract theories, it granted plaintiff only one recovery. Accordingly, we find no cause for reversal.

2. Defendants contend the trial court erred in holding that defendants were not entitled to recover against plaintiff on any of the claims asserted in their counterclaim. We disagree.

Most of the damages sought by the defendants allegedly resulted from delays attributable to plaintiff. But a review of the record reveals ample evidence to support the trial court's conclusion that plaintiff was not responsible for any delays which Beacon may have sustained.

With regard to defendants' warranty claims, there was evidence that any corrective work performed by Beacon was not the result of plaintiff's poor workmanship. Concerning Beacon's backcharges, there was evidence that plaintiff deducted the backcharges in determining the $11,487.42 balance owed by Beacon. Finally with regard to long distance telephone calls, plaintiff deducted certain calls in calculating the amount owed by Beacon; and plaintiff disputed owing the remaining calls.

In sum, though there might be evidence authorizing a contrary conclusion, the evidence was sufficient under the "any evidence rule" to uphold the trial court's determination that defendants were not entitled to prevail upon any claim set forth in the counterclaim. See *Dudley v. Snead*, 250 Ga. 804 (301 SE2d 480); *Barrell v. Gibson*, 153 Ga. App. 621 (266 SE2d 308).

3. Defendants contend the trial court erred in awarding attorney fees to plaintiff. In the case sub judice, the trial judge found that "Beacon's failure to pay the amount due on the contract was an act of bad faith by Beacon and Beacon has been stubbornly litigious in this matter entitling Vanderbunt to attorneys' fees in the amount of $5,960.00 . . ." This finding was the factual basis of the judge's conclusion that, "[a]s a matter of law, Beacon was stubbornly litigious and acted in bad faith in its failure to pay the $11,487.42 and Vanderbunt is entitled to attorney's fees for the breach of contract . . ."

Former OCGA § 13-6-11, applicable to the case sub judice, provides that, "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

Thus, in order for the plaintiff to recover expenses of litigation pursuant to former OCGA § 13-6-11, it is necessary that it demonstrate that one of the three conditions set forth in the statute exists. *Employers Liability Assurance Corp., Ltd. v. Sheftall*, 97 Ga. App. 398, 404 (5) (103 SE2d 143). Here the trial judge found that Beacon acted in bad faith and was stubbornly litigious. Apparently, the trial

judge determined these conditions existed simply because of Beacon's failure to pay the amount due on the contract.

The mere failure of a defendant to pay a claim does not constitute bad faith. *Raybestos-Manhattan, Inc. v. Friedman*, 156 Ga. App. 880, 883 (2) (275 SE2d 817). Moreover, the refusal to pay a disputed claim is not the equivalent of stubborn litigiousness, nor will it support a claim that defendant caused the plaintiff unnecessary trouble and expense. *Gordon v. Ogden*, 154 Ga. App. 641 (2) (269 SE2d 499); *Brooks v. Steele*, 139 Ga. App. 496, 498 (2) (229 SE2d 3).

*Judgment affirmed on condition that the plaintiff write off the attorney fees in the amount of $5,960, otherwise reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 13, 1984.

*James B. Ritchie III*, for appellants.
*J. Michael Welch*, for appellee.