## S04G1992. MASTERS v. REDWINE.
### (615 SE2d 118)

FLETCHER, Chief Justice.

We granted certiorari to determine whether Fred Masters presented sufficient evidence of his real estate contract with David Redwine to justify specific performance of that contract. The Whitfield County Superior Court jury found in favor of Masters, but the Court of Appeals reversed, ruling that the written contractual evidence lacked an adequate description of the property.[1] Because the totality of the evidence, especially the complete performance by Masters and acceptance of that performance by Redwine, was sufficient to establish the existence of a valid oral contract and sustain the jury's verdict, we reverse.

1. The statute of frauds, subject to certain exceptions, requires a contract for the sale of land to be in writing.[2] If there has been partial or complete performance by one party to the contract, however, coupled with acceptance of that performance by the other party to the contract, a writing may not be necessary.[3] To deny the existence of the contract under such circumstances would allow the party that accepted the performance to perpetrate a fraud on the performing party.

Because the factfinder in this case found the existence of a contract, the appellate courts "are relegated to the position of determining whether or not there was any evidence in the case to support [that] conclusion. . . ."[4] In this case, Masters presented evidence that in the Fall of 2000, he was a contractor building a house for Redwine. Masters decided to purchase ten acres from the Masters brothers (no relation) on the border of Redwine's property to build a house of his own. After Masters paid half the purchase price, Redwine told him he

---

[1] *Redwine v. Masters*, 268 Ga. App. 490 (602 SE2d 143) (2004).

[2] OCGA § 13-5-30 (4).

[3] OCGA § 13-5-31; *Flagg v. Hitchcock*, 143 Ga. 379, 382 (85 SE 125) (1915) ("where there has been performance on one side, accepted by the other in accordance with the contract, the statute [of frauds] shall not apply"); *Kinney v. Youngblood*, 216 Ga. 354, 356 (116 SE2d 608) (1960) (same).

[4] *Walls v. Savage*, 243 Ga. 198, 199 (253 SE2d 183) (1979).

did not want anyone living so close to him. As an alternative, Redwine offered to trade Masters five acres that he owned elsewhere in exchange for half of the acreage Masters was in the process of purchasing from the Masters brothers.

The parties met at the agreed-upon property on December 21, 2000, and had a surveyor set the corner pins on the five acre parcel to be traded to Masters. The same surveyor then marked the five acre parcel that Redwine was to receive from the Masters brothers in exchange, plus some other acreage he was purchasing from Bill Masters. Afterwards, Redwine prepared a handwritten agreement, which both parties signed and another person witnessed. It read: "I [Redwine] agree to trade five acres of land behind Doris Masters to Fred Masters for 5 acres of land he owns beside my house at the property line."

After the plats were prepared, the parties delivered them to a law firm to prepare the necessary deeds. Redwine later picked up his deed and had it signed by the Masters brothers, witnessed and notarized, and recorded. When Masters presented Redwine with the deed for the five acres he was to convey to Masters in exchange, Redwine refused to sign.

Masters then brought this action seeking specific performance of the agreement and other damages. The jury found for Masters, concluding that the evidence established the existence of a contract and satisfied the concerns of the statute of frauds. The jury also awarded Masters $14,800 in damages and $5,669.40 in attorney's fees. On February 3, 2003, the trial court entered judgment on the jury's verdict and awarded Masters fee simple title to the five acre tract that was surveyed by the parties in accordance with their agreement.

The jury's verdict declaring that an oral contract existed between the parties is clearly supported by ample evidence. Based on the completed performance by Masters, and the acceptance of that performance by Redwine, a writing is not necessary to sustain the contract.[5]

The Court of Appeals reversed, however, by narrowly focusing on the written aspect of the contract and ruling that the writing lacked a sufficient description of the property to be sold.[6] The Court of Appeals is correct that the written agreement in itself is clearly insufficient to establish an adequate description of the property to be

---

[5] *Flagg*, 143 Ga. at 382.

[6] See *Redwine*, 268 Ga. App. at 492 ("In this case, it is clear that an adequate description of the property cannot be found within the four corners of the contract. . . .").

exchanged.[7]

But the Court of Appeals erred in focusing exclusively on the "four corners" of the written evidence to ascertain the existence and details of what was established to be an oral contract. Masters did not rely exclusively on the written evidence to establish the details of the contract, but merely used it as evidence of the existence of an oral agreement. In making his case that a valid oral contract existed between the parties, Masters presented the written evidence, the evidence of his performance and of Redwine's acceptance of that performance, as well as the plats based on the surveys and accompanying deeds, complete with valid legal descriptions of the properties to be exchanged. The plats and deeds do provide adequate legal descriptions of the properties, and such evidence should have been considered by the Court of Appeals.[8]

In *Valdosta Machinery Co. v. Finley*,[9] this Court confronted a similar situation. The parties executed a written agreement, much like the one in this case, which was wholly inadequate in itself to satisfy the statute of frauds.[10] The requirements of the statute of frauds were satisfied, however, by the plaintiff's partial performance of the contract and the defendant's acceptance of that performance.[11] Because the only written evidence contained an inadequate legal description of the property to be sold, other extrinsic evidence was used to provide the requisite legal description of the property.[12] Accordingly, the plats and deeds admitted in this case can be used to establish the requisite description of the properties to be exchanged, and the Court of Appeals erred by ignoring that evidence in its decision.

It would be an absurd result if the existence of the writing actually precluded the possibility of a valid oral contract in spite of the other overwhelming evidence to the contrary.[13] All of the requirements for a valid oral contract were established by Masters, including an adequate description of the properties to be exchanged. Redwine accepted Masters' performance of the agreement but then refused to perform his part of the bargain. For a court to sanction that kind of

---

[7] *Scheinfeld v. Murray*, 267 Ga. 622, 623 (1) (481 SE2d 194) (1997).

[8] See, e.g., *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817 (615 SE2d 1) (2005) (where written description of land was lacking, "the purchase, possession, and development of the land provided the equivalent of a written description and satisfied the requirement of the statute of frauds . . .").

[9] 164 Ga. 706 (139 SE 337) (1927).

[10] Id. at 707.

[11] Id. at 709.

[12] Id. at 710-711; see also OCGA § 24-6-2.

[13] See *Valdosta Machinery*, 164 Ga. at 709 ("it would be altogether immaterial had the entire contract rested in parol and there had been no writing whatsoever").

opportunistic fraud would undermine both the purpose of the statute of frauds and the concept of justice. Accordingly, the Court of Appeals erred in overruling the jury's verdict in this case, as there was sufficient evidence to support that verdict, and that ruling is hereby reversed.

2. Courts will enforce specific performance of a real estate contract when the contract has been so far executed by the party seeking relief at the instance or by the inducements of the other party that restoration to the pre-contract position is impossible.[14] In this case, ample evidence was presented to support the jury's verdict that specific performance was the appropriate remedy.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 16, 2005.

*Rick L. Brown*, for appellant.
*Little, Bates & Kelehear, L. Stephen Kelehear*, for appellee.

---

[14] OCGA § 23-2-131 (a); see also *Hotel Candler, Inc. v. Candler*, 198 Ga. 339, 351 (31 SE2d 693) (1944) (specific performance is the proper remedy "whenever there has been such a part performance as that the whole performance is necessary to prevent a fraud . . ."); *Smith v. Cox*, 247 Ga. 563, 564 (277 SE2d 512) (1981) (part performance and acceptance of that performance will authorize court to specifically enforce a parol contract); *Dobbs v. Dobbs*, 270 Ga. 887 (515 SE2d 384) (1999).